703 A.2d 9

PAUL AMATUZZO, PLAINTIFF–RESPONDENT, v. MICHAEL G. KOZMIUK, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 29, 1997—Decided November 14, 1997.

470

Before Judges SHEBELL, D'ANNUNZIO and A.A. RODRÍGUEZ.

*Lawrence B. Diener* argued the cause for appellant.

*Donato J. Battista* argued the cause for respondent (*Cole & Cole*, attorneys; *Mr. Battista*, of counsel, and on the brief).

SHEBELL, P.J.A.D.

Defendant, Michael G. Kozmiuk, appeals from two orders of the Chancery Division entered on March 26, 1997. The first vacated the order of December 20, 1996 denying plaintiff's motion to enforce the settlement, ordered that the Stipulation of Settlement negotiated by the attorneys be enforced notwithstanding defendant's refusal to execute the Agreement, and awarded fees to plaintiff's attorney subject to the filing of a certification of services. The second order was in response to defendant's objection to the certification of services. It awarded a counsel fee in the sum of $2,350.00, payable within thirty days. We reverse both orders and remand for a hearing as to whether an enforceable settlement was entered into.

A detailed recitation of the facts surrounding the underlying litigation is not necessary. Suffice it to say that negotiations between the attorneys for the parties resulted in the drafting of a "Stipulation of Settlement" containing some eleven paragraphs. On August 30, 1996, prior to a scheduled pretrial conference,

counsel for the plaintiff, with a copy to defendant's counsel, advised the court in writing that the litigation was resolved and that a Stipulation of Settlement would be filed within ten days.

The final draft of the Stipulation of Settlement provided for, among other things, transfer of defendant's interest in a residence in Jersey City, free and clear of any claims, except a mortgage with an approximate balance of $138,000.00. Defendant could reside in the property until January 31, 1997, provided he paid for the mortgage, taxes, insurance, and utilities during that time.

Further, the settlement was contingent upon plaintiff examining the premises on October 29, 1996 at 10:30 a.m. to verify its condition. Plaintiff was to furnish defendant with a release executed by plaintiff's parents, releasing defendant of any liability for monies they loaned for repairs to the property. The Agreement also provided for distribution between plaintiff and defendant of certain personal property upon the premises. Additionally, plaintiff was to refinance the mortgage or otherwise seek to have defendant removed as an obligor on the mortgage. Moreover, defendant after vacating the premises was to be secured by plaintiff from any further payments on the mortgage. If defendant could not be removed from the mortgage obligation, the premises were to be sold.

Each party was to be responsible for his own attorney's fees unless attorney's fees and costs were incurred in order to compel compliance with the terms of the provisions of the settlement. In that event, the defaulting party would be responsible for the other party's fees and costs. The Stipulation further provided that:

11. The parties shall file simultaneously with the filing of this Stipulation of Settlement a Stipulation of Dismissal with Prejudice of the complaint and counterclaim. Notwithstanding that filing, either party may institute the appropriate action necessary to enforce the terms and provisions of this Stipulation of Settlement and nothing contained in the Stipulation of Dismissal shall preclude the prosecution of that action.

The Stipulation of Settlement, when sent to defendant's counsel was undated, but contained the personal signature of the plaintiff and his attorney. A release from plaintiff's parents dated October

25, 1996, releasing the defendant of any and all claims, was also provided.

Defendant failed to be present for inspection of the premises on October 29, 1996, and he refused to sign the Stipulation of Settlement. Plaintiff, therefore, filed a motion with certification to enforce the settlement, returnable on November 22, 1996. On December 4, 1996, a Substitution of Attorney was filed on behalf of defendant by his present counsel, which reflected that his previous counsel agreed to withdraw.

Defendant filed a certification in opposition to plaintiff's motion, stating: "I did not enter into any settlement agreement with the plaintiff in this case." He specifically stated that when his attorney presented him with the first settlement agreement, he strenuously objected because plaintiff would become the sole owner of the property, while defendant would remain liable on the mortgage even after vacating the property. He also certified that he objected because his counterclaim for fraud against the plaintiff would be dismissed and he would have to leave personal items at the property.

Defendant noted that the objectionable matters in the original agreement were also contained in the later Stipulation of Settlement attached to plaintiff's certification supporting the motion. Specifically, he asserted that contrary to paragraph 9 of plaintiff's certification: "I made no agreement to settle on August 30, 1996. I had made my objection to the proposed agreement quite clear to [my attorney] and never authorized her to settle the case on the terms demanded by plaintiff."

Defendant also asserted he expended thousands of dollars in improvements to the property and that under no circumstances would he agree to dismissal of his counterclaim. He noted that neither he nor his attorney had "signed any document to settle this matter," and continued:

> If my attorney orally agreed to settle this matter on the terms of the settlement agreement attached to plaintiff's certification it was without my knowledge or consent. I did not agree, in writing or orally, to settle this matter on those terms.

We conclude that the factual issues surrounding the motion to enforce the settlement required the Chancery judge to conduct a hearing to ascertain the intent of the parties at the various critical times in the proceedings. Despite the August 30, 1996 letter from plaintiff's counsel, advising the court that the matter had been settled and that a Stipulation of Settlement would be filed within ten days, the September 16, 1996 letter from defendant's attorney reflects an ongoing disagreement as to the terms of the Stipulation, as changes in seven different paragraphs were proposed. Moreover, plaintiff conveyed counter-proposals to defendant's counsel on October 7, 1996.

We recognize that, thereafter, on October 14, 1996, a "fax" from defendant's attorney to her adversary stated that "[a]ll terms of your 10/7 letter are acceptable to my client except number 3," and that this exception pertained only as to how the mortgage would be paid while he remained in possession. However, defendant has disputed that his attorney had authority to make any such representation.

The Chancery judge was convinced on the motion for reconsideration that defendant's counsel had apparent authority to enter into the discussions, as defendant failed to certify that he only retained counsel to litigate the matter and not to settle it. The judge further found it unnecessary to determine the issue of express authority, as defense counsel had represented in her "fax" that her client was in agreement with the counter proposals offered by plaintiff. The judge concluded that there was an enforceable settlement for the following reason:

> [T]he action and conduct of [defendant's counsel] in this case bound [defendant], who permitted [his counsel] to be held out as having express or implied authority and who did, in fact, consent to the settlement that I find exists in this case. Secondly, even if [defendant] did not expressly or impliedly authorize [his counsel] to enter into such an agreement, he has not made a showing of extraordinary circumstances such that he would suffer an extreme and unexpected hardship if the settlement were not enforced.

On a disputed motion to enforce a settlement, as on a motion for summary judgment, a hearing is to be held to establish

the facts unless the available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge, as a rational factfinder, to resolve the disputed factual issues in favor of the non-moving party. *See Brill v. Guardian Life Ins. Co.*, 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995) (setting forth standard for review of a summary judgment motion). The disputed facts here are not so one-sided.

■ Moreover, the ruling of the Chancery judge was not in accordance with the applicable law. If, in fact, defendant's counsel had neither express or implied authority to settle, it would not be defendant's burden to demonstrate extraordinary circumstances to bar the enforcement of the purported settlement. It is only where a contract of settlement is actually held to exist that the party seeking to vacate the settlement must show compelling circumstances. *Nolan v. Lee Ho*, 120 *N.J.* 465, 472, 577 *A.*2d 143 (1990). Here, plaintiff had the burden of establishing that a contract of settlement was entered into.

■ The general rule is that unless an attorney is specifically authorized by the client to settle a case, the consent of the client is necessary. *City of Jersey City v. Roosevelt Stadium Marina, Inc.*, 210 *N.J.Super.* 315, 327, 509 *A.*2d 808 (App.Div.1986) (citing *Stout v. Stout*, 155 *N.J.Super.* 196, 203–04, 382 *A.*2d 659 (App.Div. 1977)). Negotiations of an attorney are not binding on the client unless the client has expressly authorized the settlement or the client's voluntary act has placed the attorney in a situation wherein a person of ordinary prudence would be justified in presuming that the attorney had authority to enter into a settlement, not just negotiations, on behalf of the client. *United States Plywood Corp. v. Neidlinger*, 41 *N.J.* 66, 74, 194 *A.*2d 730 (1963) (citing and quoting *J. Wiss & Sons Co. v. H.G. Vogel Co.*, 86 *N.J.L.* 618, 621, 92 *A.* 360 (E. & A.1914)).

■ Thus, in private litigation, where the client by words or conduct communicated to the adverse attorney, engenders a reasonable belief that the attorney possesses authority to conclude a

settlement, the settlement may be enforced. However, the attorney's words or acts alone are insufficient to cloak the attorney with apparent authority. *Seacoast Realty v. West Long Branch,* 14 *N.J.Tax* 197, 203 (1994) (citing *Hallock v. State,* 64 *N.Y.2d* 224, 230, 485 *N.Y.S.2d* 510, 474 *N.E.2d* 1178, 1181 (1984)).

Defendant's certification is sufficient to raise a material and substantial issue as to whether he granted his attorney actual authority to settle. That does not mean that his previous attorney, if produced, may not by testimony at a hearing convince the judge to the contrary. Additionally, any acts of the defendant relating to apparent authority must be proved to have emanated from defendant's words or actions and not merely those of his attorney. We, therefore, remand for further proceedings in accordance with our holdings.

The award of attorney fees and costs is set aside in light of our reversal of the order enforcing the settlement.

Reversed and remanded.