

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2006

# Cisrow v. Southwoods State

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2649

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cisrow v. Southwoods State" (2006). *2006 Decisions*. Paper 1241.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1241

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2649

BENITA CISROW,

Appellant

v.

SOUTHWOODS STATE PRISON;
DEPARTMENT OF CORRECTIONS;
STATE OF NEW JERSEY

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 02-cv-03420)
District Judge: Honorable Joseph E. Irenas

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2006

Before: SLOVITER and AMBRO, Circuit Judges,
and DuBOIS,* District Judge

(Opinion filed April 20, 2006)

OPINION

_____

*Honorable Jan E. DuBois, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Benita Cisrow was in settlement negotiations with the New Jersey Department of Corrections. Her attorney approved the Department's settlement offer and requested certain terms. Even after those terms had been added, Cisrow refused to sign the settlement agreement. The Department moved to enforce the agreement, but Cisrow claimed that her attorney lacked authority to bind her to the agreement. The District Court found otherwise and granted the Department's motion. We detect no clear error in the District Court's finding, so we affirm.

## I. Factual Background and Procedural History

As we are writing here solely for the parties, we provide only a brief summary of the relevant facts.

In 2003, after Cisrow had prevailed in her claim that she had been improperly terminated by the Department, the Merit System Board ordered her reinstated with back pay and benefits. The Board also ordered the parties to make a good-faith effort to settle on an amount for back pay and counsel fees.

Cisrow—through her attorney, Michelle Douglass—negotiated with the Office of the Attorney General in an attempt to reach settlement. Throughout May and June 2003, Douglass communicated with the Department's counsel. In early June, Douglass approved the settlement amount ($125,000) and requested several terms. Those terms were dealt with, and Cisrow was reinstated.

Near the end of June, Douglass told the Department's counsel that Cisrow would not sign the agreement because she realized that she would lose 15 vacation days under New Jersey law. The Department's counsel offered to compromise on the amount (roughly $1,800), but a month later Cisrow reasserted her refusal to sign the settlement agreement.

The Department moved to enforce the settlement in the District of New Jersey. In May 2004, the District Court, *per* Magistrate Judge Donio, granted the Department's motion after an evidentiary hearing at which Cisrow and Douglass both testified.

Cisrow now appeals to our Court.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Because the order appealed from was a final order, we have appellate jurisdiction under 28 U.S.C. § 1291.

We review the District Court's findings of fact for clear error. *United States v. 6.45 Acres of Land*, 409 F.3d 139, 145 (3d Cir. 2005); *Brisbin v. Superior Valve Co.*, 398 F.3d 279, 285 (3d Cir. 2005). "A factual finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," but we will not reverse—even if we might have judged the evidence differently had we been the triers of fact—"[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Brisbin*, 398 F.3d at 285

3

(internal quotation marks omitted).

### III.  Discussion

The parties agree that New Jersey law is applicable here.  In New Jersey, "[n]egotiations of an attorney are not binding on the client unless the client has expressly authorized the settlement or the client's voluntary act has placed the attorney in a situation wherein a person of ordinary prudence would be justified in presuming that the attorney had authority to enter into a settlement, not just negotiations, on behalf of the client." *Amatuzzo v. Kozmiuk*, 703 A.2d 9, 12 (N.J. Super. Ct. App. Div. 1997).  "Liability will be imposed upon the principal in cases involving apparent authority where the actions of a principal have misled a third party into believing that a relationship of authority existed." *LoBiondo v. O'Callaghan*, 815 A.2d 1013, 1018 (N.J. Super. Ct. App. Div. 2003) (internal quotation marks omitted).

Douglass testified that she had received express authority from her client to settle the case.  The District Court found Douglass credible and her testimony supported by the evidence.  While Cisrow attacked this grant of authority, the District Court found her arguments unpersuasive.

After reviewing the evidence, we believe as well that Cisrow gave Douglass express authority to settle this case—and that Douglass had apparent authority to bind Cisrow to the settlement agreement.  We also agree with the District Court that the events Cisrow claims demonstrate a lack of authority happened after the agreement was reached.

4

We therefore decline to overturn the District Court's factual findings.

## IV. Conclusion

With no clear error apparent in the District Court's finding of fact that Douglass had authority to settle, we affirm.