BLD-264                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-1819 and 10-2152
_____

KWASI SEKOU MUHAMMAD, also known as MICHAEL WINSTEAD,
Appellant

v.

NJ DEPARTMENT OF CORRECTIONS; KIDWELL; A. SEXTON; CORRECTIONAL
MEDICAL SERVICES, INC.; CHENNA G. REDDY, M.D.; HARRY J. LAWELL &
SON, INC., PROSTHETIC & ORTHOTICS;  JOHN, JANE DOES A-Z; M.
WILLIAMS; J. DEMAIO; LORETTA TERRY, R.N.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. Civ. No. 05-cv-04999 )
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 12, 2010
Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 5, 2010)
_____

OPINION
_____

PER CURIAM

        Before us are two appeals, both arising from two consolidated complaints filed by

Kwasi Sekou Muhammad in the United States District Court for the District of New

Jersey. As no substantial question is presented by either appeal, we will summarily affirm the District Court's judgment and orders. L.A.R. 27.4.

The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision. Muhammad filed a complaint, docketed at D. N.J. Civ. No. 05-cv-04999, against the New Jersey Department of Corrections ("DOC"), Correctional Medical Services, Inc. ("CMS"), and Dr. Reddy, a doctor who treated him in prison.[1] Muhammad, whose left leg was amputated below the knee years prior to incarceration, alleged that the defendants, who failed to provide him with physical therapy, violated his Eighth Amendment rights because they were deliberately indifferent to his medical needs. Muhammad also alleged that the inadequate treatment violated Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), and that Dr. Reddy committed medical malpractice under New Jersey law. The District Court, on sua sponte review, dismissed the Eighth Amendment claim against the DOC and the ADA claim against Dr. Reddy, but allowed the other claims to proceed.

Muhammad filed a second complaint, docketed at D. N.J. Civ. No. 05-cv-05001, naming the DOC, CMS, two correctional officers, and a treating nurse, Nurse Terry. Muhammad alleged that his transfer from a handicapped-accessible cell on the first floor

---

[1] Muhammad also named other defendants not at issue in these appeals. Claims against those defendants were dismissed as time-barred.

to the upper bunk of a second-floor cell violated his rights under the Eighth Amendment and the ADA. The District Court appointed pro bono counsel for Muhammad and consolidated the two actions.

DOC and the two correctional officers (the "DOC defendants") filed a motion for summary judgment, as did CMS, Dr. Reddy, and Nurse Terry (the "CMS defendants"). On November 12, 2008, the District Court granted summary judgment as to all claims against the CMS defendants. The District Court also granted the DOC's summary judgment motion as to the ADA claims arising out of inadequate medical treatment. The ADA claim against DOC arising out of his conditions of confinement, and the Eighth Amendment claim against the two correctional officers arising out of the conditions of confinement were to be decided at trial.

On February 11, 2009, counsel for Muhammad and counsel for the DOC defendants agreed to a settlement in the amount of $15,000, less any of the State of New Jersey's outstanding judgments and/or liens against Muhammad. On February 19, 2009, the District Court entered an order of dismissal. Muhammad filed a notice of appeal, dated March 10, 2009, appealing the November 12, 2008 District Court order, docketed here at C.A. No. 09-1819.

On August 24, 2009, the DOC defendants filed a motion for settlement enforcement in the District Court. The District Court granted the motion for withdrawal filed by Muhammad's pro bono counsel, and allowed Muhammad 90 days to obtain

3

alternative counsel or otherwise respond to the motion for settlement enforcement. Muhammad filed a motion for reappointment of counsel, and filed an affidavit in opposition to the motion for settlement enforcement, to which the DOC defendants replied. In an opinion and order entered March 3, 2010, the District Court denied Muhammad's motion for reappointment of counsel, and set a date for an evidentiary hearing to determine what settlement authority Muhammad had given pro bono counsel. The Court held an evidentiary hearing on March 18, 2010, and received the testimony of Muhammad and of the attorneys who had previously represented him pro bono. The District Court found that Muhammad had given counsel authority to settle all claims against the DOC defendants, and thus entered an order granting the defendants' motion to enforce the settlement agreement. Muhammad appealed, and we docketed that appeal at C.A. No. 10-2152.

C.A. No. 10-2152

We first address the issues raised by the appeal from the order granting the motion to enforce the settlement agreement. We exercise plenary review over a district court's interpretation of law, but may set aside a district court's findings of fact only if they are clearly erroneous. Agere Systems, Inc. v. Advanced Environmental Technology Corp., 602 F.3d 204, 216 (3d Cir. 2010).

Muhammad argued in the District Court that he only authorized his attorneys to settle the claims that survived summary judgment; i.e., the ADA claim against DOC

4

arising out of his conditions of confinement, and the Eighth Amendment claim against the two correctional officers arising out of the conditions of confinement. He argued that he did not authorize his attorneys to settle his right to appeal the District Court's grant of summary judgment in favor of the DOC defendants as to the ADA claims arising out of inadequate medical treatment. The District Court properly determined that New Jersey law governed the question of what type of authority is required for an attorney to settle his client's claim. Tiernan v. Devoe, 923 F.2d 1024, 1033 (3d Cir. 1991). The District Court examined New Jersey law, and properly found under that law that an agreement entered into by an attorney on behalf of his client is binding if the attorney acted with actual authority or apparent authority. Amatuzzo v. Kozmiuk, 703 A.2d 9, 12 (N.J. Super. A.D. 1997) (attorney's negotiations binding on client if client expressly authorized settlement or person of ordinary prudence would be justified in presuming that attorney had authority to enter into settlement).

As noted, the District Court conducted an evidentiary hearing to consider whether Muhammad's attorneys had acted with actual or apparent authority in reaching a settlement. Following the hearing, the District Court made comprehensive findings of fact, and concluded that Muhammad had agreed to the settlement of all of his claims against the DOC defendants. In particular, the District Court found that Muhammad knew that both the suits he had filed were consolidated and were moving forward. The Court noted that a letter from Muhammad's attorneys to Muhammad, bearing the captions

of both cases, stated that Muhammad had authorized his attorneys to "make a settlement proposal to the defendants in the amount of $14,000 with authority to negotiate towards a settlement in the vicinity of $10,000." Both attorneys testified that Muhammad had not indicated that he wanted to parse out certain claims against the DOC defendants. The Court noted that Muhammad's attorneys made a settlement demand of $15,000, and that the State had countered with an offer of $15,000 less a deduction for fines and liens Muhammad owed the State, which was well above the $10,000 floor that Muhammad had authorized. The District Court found that Muhammad's attorneys telephoned Muhammad in mid to late January 2009, and explained the proposed settlement. Muhammad indicated in the phone call that he wanted to appeal the dismissal of the CMS defendants, and his attorneys agreed to seek to preserve those claims but noted that they would not represent Muhammad on such an appeal. Muhammad also indicated that he wished to appeal the dismissed claims against the DOC defendants, but his attorneys explained that the DOC defendants would not agree to a partial settlement. Both of Muhammad's attorneys recalled that Muhammad then agreed with the settlement. After reviewing the record, we hold that the District Court's finding of facts are not clearly erroneous, and we agree with the Court's conclusion that Muhammad gave his attorneys authority to settle all claims against the DOC defendants. We will therefore affirm the District Court's order enforcing the settlement.

6

C.A. 09-1819

We now consider Muhammad's appeal of the District Court's November 12, 2008 decision. We only have jurisdiction to consider claims where there is a justiciable controversy. Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 296 (3d Cir. 2001). "Intervening events, such as the parties reaching settlement in the case, can render an appeal moot." Id. Because the parties settled all claims against the DOC defendants, we lack jurisdiction to consider the November decision's grant of summary judgment with regard to claims against the DOC defendants.

We have jurisdiction to consider the District Court's grant of summary judgment as to the remaining claims: (1) Muhammad's Eighth Amendment claim against Dr. Reddy and CMS, his medical malpractice claim against Dr. Reddy, and his ADA claim against CMS, all arising out of allegedly substandard medical treatment while he was housed at Albert C. Wagner Youth Correctional Facility ("ACWYCF"); and (2) Muhammad's Eighth Amendment claim against Nurse Terry and his ADA claim against CMS based on his transfer from a first-floor, handicapped-accessible cell to an upper-level bunk of a second-floor cell at South Woods State Prison ("South Woods").

We agree with the District Court that Muhammad's claims arising out of the failure to provide him physical therapy at ACWYCF are time-barred. A two-year period of limitations applies to both Muhammad's Eighth Amendment claims and his ADA claims. See Montgomery v. De Simone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998) (New

Jersey's two-year limitations period for personal injury actions applies to civil rights claims); Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008) (statute of limitations applicable to state personal injury claims applies to ADA claims). Muhammad's complaints are dated September 26, 2005; thus, any claims that accrued before September 26, 2003 are time–barred. As the District Court noted, Muhammad was transferred from ACWYCF to South Woods on September 24, 2003, so all claims that accrued while he was at ACWYCF are time-barred. Muhammad argued that under a "continuing violations" theory, he could bring claims regarding the failure to provide physical therapy at ACWYCF, because he was not provided with physical therapy until April 2004 (at South Woods). However, as the District Court properly noted, in order to utilize a continuing violations theory, a plaintiff must show that "at least one act occurred within the filing period." District Court Opinion at 19, quoting McAleese v. Brennan, 483 F.3d 206, 218 (3d Cir. 2007). Because Muhammad did not allege that he was refused physical therapy at any time after September 26, 2003, his claims regarding failure to provide physical therapy are untimely.

The remaining claims are the Eighth Amendment claim against Nurse Terry and his ADA claim against CMS, based on his transfer from a first-floor, handicapped-accessible cell to an upper-level bunk of a second-floor cell at South Woods. We note that in an April 19, 2009 letter to the District Court, Muhammad stated that he was "in agreement with the court's opinion dated November 12 2008, as it pertains solely

8

to civil action no. 05-5001, including the dismissal of CMS defendant Loreta [sic] Terry." Dkt. #140-2, page 60 of 63. It appears that Muhammad thus did not intend to appeal these claims. Nevertheless, out of an abundance of caution, we note that we are fully in agreement with the District Court's grant of summary judgment as to these claims, for the reasons stated by the District Court. <u>See</u> District Court Opinion, Dkt. #117, n.13.

For the foregoing reasons, we will summarily affirm the District Court's judgment entered November 13, 2008 and its order entered March 31, 2010.