**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2089-16T4

IN THE MATTER OF THE FRED
POLIZZI, SR., EDUCATION TRUST

_____

PAMELA ARTEAGA,

      Plaintiff-Appellant,

v.

ROBYN SALLUSTRO, FRED
POLIZZI, Jr., MARYANN ABOYOUN
f/k/a MARYANN MEYER,

      Defendants-Respondents.

_____

      Submitted September 17, 2018 – Decided September 21, 2018

      Before Judges Haas and Sumners.

      On appeal from Superior Court of New Jersey, Chancery Division, Morris County, Docket No. P-1974-2002.

      Pamela Arteaga, appellant pro se.

Sunshine, Atkins, Minassian, Tafuri, D'Amato & Beane, PA, attorneys for respondent Robyn Sallustro (Kenneth F. D'Amato, of counsel and on the brief).

Vivino & Vivino, attorneys for respondent MaryAnn Aboyoun (Raymond S. Vivino, on the brief).

PER CURIAM

Plaintiff Pamela Arteaga appeals from an October 25, 2016 Chancery Division order approving the terms of a settlement agreement plaintiff entered into with her three siblings concerning the disposition of a trust created by their late father. We affirm.

The parties are fully familiar with the procedural history and factual background of this case. The parties' father, Fred Polizzi, Sr. (Polizzi), established an Irrevocable Life Insurance Agreement (the trust), which named his four children, Fred Polizzi, Jr. (Fred),[1] MaryAnn Aboyoun, Robyn Sallustro (collectively defendants), and plaintiff as trustees. In broad terms, the trust provided that the life insurance proceeds would be held in trust for the benefit of Polizzi's grandchildren, and used to pay for their educational expenses. In addition, certain one-time payments of trust funds were to be made to the grandchildren when they each reached the age of twenty-five.

---

[1] Because Fred Polizzi, Jr. shares the same surname with his father, we refer to him as Fred to avoid confusion. In doing so, we intend no disrespect.

Polizzi passed away in 2002. During the next twelve years, the parties made disbursements from the trust as their children began their post-secondary educations. The parties voted on each request for a disbursement, with three affirmative votes needed for approval. Plaintiff and her two sisters were usually the only parties who considered each request because Fred rarely participated in the voting.

In December 2014, plaintiff filed a complaint against defendants, alleging that they had refused to approve distributions for her children's educational expenses, and that some funds had been distributed in violation of the purposes of the trust. By that time, defendants' children were all adults and were not in school. Plaintiff's two children, who were ages twelve and thirteen, were attending a private parochial elementary school.

The litigation continued over the next eighteen months. During this period, plaintiff incurred approximately $160,000 in legal fees.

On July 6, 2016, the parties participated in mediation and agreed to settle all of plaintiff's claims. Under the pertinent terms of the settlement, the parties agreed to set aside $300,000 of the $492,000 remaining in the trust for plaintiff's two children. In addition, plaintiff and her siblings agreed that plaintiff's attorney would be paid $75,000 from the trust in full settlement of his claim

A-2089-16T4

against her for legal fees.[2] The parties also consented to the payment of the remaining amounts due to the grandchildren when they reached age twenty-five. Upon distribution of these funds, the trust would terminate and all of the parties and beneficiaries would be released from any further liability. Finally, the parties agreed to have the settlement embodied in a court order approved by Judge Stephan Hansbury, who had managed the case during most of the prior proceedings.

After the agreement was reached on July 6, the parties placed it on the record before Judge Robert Hanna, because Judge Hansbury was not available that day. Judge Hanna conducted a hearing and took testimony from each party, including plaintiff, concerning their understanding of, and informed consent to, all of the terms of the settlement.

Like each of her three siblings, plaintiff testified she understood the terms of the agreement and that they had been accurately set forth in the record. She stated she was comfortable with her decision to accept the settlement, and understood she was waiving her right to a trial on all of her claims. Plaintiff

_____

[2] Several weeks before the settlement was reached, the court granted the attorney's motion to withdraw as plaintiff's counsel. However, the attorney participated in the July 6 proceeding by telephone.

also confirmed that she had made this decision voluntarily, of her own free will, and without any duress or coercion from any party.

At the end of the hearing, Judge Hanna found there was "a meeting of the minds on the terms of the settlement." He further found "that all of the parties who've participated in today's hearing are making an informed decision, they know what they're doing, what the consequences are, and [they are] making [a] voluntary decision, a product of their own free will."

Thereafter, the settlement terms were reduced to writing, but plaintiff refused to sign the written agreement. In accordance with the parties' settlement, Aboyoun and Sallustro filed an application to Judge Hansbury for an order approving the settlement. On October 25, 2016, Judge Hansbury rendered a thorough written decision approving the settlement, and incorporated it into his order.

In rendering his decision, Judge Hansbury accurately stated and reviewed the governing law concerning court review and approval of settlements, and we briefly reiterate these principles here. Because "[t]he settlement of litigation ranks high in our public policy," Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. 1961), "settlement agreements will be honored 'absent a demonstration of fraud or other compelling circumstances.'" Nolan v. Lee Ho,

A-2089-16T4

120 N.J. 465, 472 (1990) (internal quotation mark omitted) (quoting Pascarella v. Bruck, 190 N.J. Super. 118, 125 (App. Div. 1983)). A settlement agreement need not be in writing to be enforceable. Pascarella, 190 N.J. Super. at 125. The burden of proving that the parties entered into a settlement agreement is upon the party seeking to enforce the settlement. Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 475 (App. Div. 1997).

Applying these well-established principles, Judge Hansbury approved the parties' settlement. The judge found that "[t]he record is clear that [plaintiff] consented to the agreement after very extensive questioning by Judge Hanna." Because she failed to demonstrate any fraud or any other compelling circumstance warranting a different result, Judge Hansbury concluded that the agreement was "binding[] and enforceable."

Plaintiff subsequently filed a motion for reconsideration, which was denied by Judge Robert Brennan on January 3, 2017. In his written statement of reasons, Judge Brennan, like Judges Hansbury and Hanna before him, found that "plaintiff fail[ed] to show that the settlement agreement was procured by fraud, duress, or falsehood, that its terms were unconscionable, or that [she] lacked capacity to enter it." In addition, plaintiff "swore under oath that she

A-2089-16T4

entered into the agreement under her free will and not under duress." This appeal followed.

On appeal, plaintiff raises the following contentions:

I. [THE] TRIAL COURT ERRED IN ENFORCING THE SETTLEMENT BECAUSE IT IGNORED CONDITIONS THAT MAKE THE SETTLEMENT AGREEMENT VOIDABLE INCLUDING, DURESS, FRAUD OF DECEPTION, AN AGREEMENT NOT ALLOWED BY N.J.S.A. [SIC], AND NEW INFORMATION THAT SHOULD HAVE REMANDED IT FOR RECONSIDERATION.

A. THE AGREEMENT WAS COMPELLED THROUGH THE FRAUD OF DURESS, ECONOMIC AND MORAL, AND THE FRAUD OF DECEPTION.

[1.] THE AGREEMENT WAS COMPELLED THROUGH ECONOMIC AND MORAL DURESS SO THAT THE PLAINTIFF HAD NOT [SIC] ALTERNATIVE TO THE AGREEMENT OR PUTTING IT ON THE RECORD.

[2.] THE AGREEMENT WAS COMPELLED THROUGH A FRAUD OF DECEPTION THROUGH CONCEALMENT OF MATERIAL FACTS THAT CONTINUED TO EXIST[] AT THE TIME OF SETTLEMENT AGREEMENT MEETING AND

7                                                      A-2089-16T4

WELL AFTER THE HEARING TO PUT IT ON RECORD.

B.    THE PROVISIONS THAT PROVIDE DEFENDANT [SIC] EXCULPABILITY AND THAT VIOLATE THE INTENT OF THE TESTATOR AND MATERIAL PURPOSE OF THE TRUST VIOLATES [SIC] THE NJ STATUES [SIC], WITH RESPECT TO THE TERMINATION OR MODIFICATION OF A TRUST.

    [1.]    THE EXCULPATORY TERMS OF THE SETTLEMENT AGREEMENT ARE A BREACH AND MAKE IT VOIDABLE.

    [2.]    THE SETTLEMENT AGREEMENT VIOLATES THE INTENT OF THE TESTATOR AND THE MATERIAL PURPOSE OF THE TRUST AND LACKS PROPER CONSENT.

C.    ACCORDINGLY, THE CONSIDERATION REMAINING UPON EXECUTION OF THE SETTLEMENT AGREEMENT, IN ADDITION TO THE INEQUITY OF EXCULPABILITY, IS GROSSLY INADEQUATE AND GROSSLY SHOCKING.

D.    THE NEW INFORMATION IS PROBATIVE AND SUFFICIENT CREDIBLE EVIDENCE OF A FRAUD THAT COULD NOT HAVE BEEN PREVIOUSLY PROVED OR ASSERTED.

II.    [THE] TRIAL COURT ERRED IN IGNORING SUFFICIENT CREDIBLE EVIDENCE OF BREACH OF FIDUCIARY DUTY WITH INTENT TO HARM THE TRUST.

    A.    NEW JERSEY LAW DEFINES THE OBLIGATIONS OF A TRUSTEE.

    B.    NEW JERSEY LAW PROVIDES THE REMEDIES FOR BREACH OF A TRUSTEE'S FIDUCIARY OBLIGATION.

III.    [THE] TRIAL COURT ERRED IN ALLOWING A GROSS MISCARRIAGE OF JUSTICE THAT NEEDS APPELLATE INTERVENTION "DE NUOVO" [SIC] TO ARRIVE AT EQUITY.

Having reviewed plaintiff's arguments in light of the record and applicable law, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm the October 25, 2016 order approving the parties' settlement substantially for the reasons set forth by Judge Hansbury in his comprehensive written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2089-16T4