**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1278-20

YOLANDA MEDRANO,

    Plaintiff-Appellant,

v.

ROBERT C. RUGELIS,

    Defendant-Respondent.

_____

        Argued November 15, 2021 – Decided November 24, 2021

        Before Judges Fasciale and Vernoia.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3875-18.

        Phillip C. Wiskow argued the cause for appellant (Gelman Gelman Wiskow & McCarthy, LLC, attorneys; Phillip C. Wiskow, on the briefs).

        Michael N. Aquino argued the cause for respondent (Salomon & Aquino, LLC, attorneys; Michael N. Aquino, on the brief).

PER CURIAM

In this personal injury action, plaintiff appeals from two orders dated December 1, 2020: one denying her motion to vacate an order enforcing a purported settlement; and the other granting defendant's cross-motion to compel plaintiff to sign a settlement release prepared by defendant's counsel. Plaintiff contends that her previous attorney and his paralegal, who settled plaintiff's lawsuit, were unauthorized to do so. There are no certifications from plaintiff's previous attorney or his paralegal, and there are no signed settlement papers. On this record, we cannot discern whether previous counsel—and his paralegal—had authority to settle plaintiff's lawsuit. We reverse without prejudice, remand, and direct the judge to conduct a plenary hearing and make appropriate findings of fact and conclusions of law.

Plaintiff filed a personal injury lawsuit against defendant after his vehicle struck her in a crosswalk. Plaintiff's former counsel sent two demand letters, in October 2018 and March 2019, to defendant's counsel. Both demanded $250,000 to settle the case. At those times, plaintiff's lawsuit did not settle for that amount.

Plaintiff certified that on June 29, 2019, she advised her former counsel's paralegal (paralegal) that her settlement demand was $500,000. Plaintiff also certified that on August 25, 2019, she met with her former counsel and reiterated

2

her settlement demand was $500,000 and that she would consider "a little less" once her bills were finalized. From July 2019 to September 2019, settlement negotiations ensued.

On September 1, 2019, the paralegal e-mailed defense counsel stating that plaintiff's then-counsel discussed defendant's counteroffer[1] with plaintiff and they were "waiting for her official response," but that "it doesn't look like she is budging down from the demand of $250,000 still." From this e-mail, defense counsel understood plaintiff's settlement demand was $250,000. Plaintiff certifies that the paralegal was never authorized to make this "counteroffer" because, on June 29, she had told the paralegal in an e-mail that her settlement demand was $500,000.

On September 16, 2019, defense counsel personally conferred with plaintiff's then-counsel and reached a settlement agreement for $250,000. Defense counsel sent an e-mail to plaintiff's then-counsel directly, confirming the details of their agreement. After receiving notification from her then-counsel's office that he had settled the case, plaintiff met with her then-counsel to discuss the value of her injuries and "he insisted that . . . [d]efendant's $250,000 offer was the best offer [she] was going to receive." Plaintiff alleges

---

[1] On appeal, the parties do not identify the amount of this counteroffer.

she advised her then-counsel that $250,000 was not a fair offer, and in response, her then-counsel cautioned that she could receive a smaller award if they were to go to trial.

Nevertheless, on September 21, the paralegal e-mailed defense counsel that "[plaintiff] is ready to sign as soon as you have the release ready." Then, on October 12, the paralegal e-mailed defense counsel representing that plaintiff "rescinded accepting the offer and wants her case reinstated" because she "is anticipating she will need another surgery and does not want to settle . . . prior to confirming." In a later e-mail to defense counsel, the paralegal stated that plaintiff accepted the amount previously but changed her mind after her partner "looked in 'google' about other cases being awarded more money for the same injuries."

On December 13, 2019, six days before the return date for defendant's motion to enforce the purported settlement, plaintiff certified that she received an e-mail from her then-counsel's office that defendant had filed a motion to enforce the settlement. Plaintiff alleges she was not asked to provide a certification detailing her settlement discussions with her then-counsel or paralegal or explain to the judge that she never authorized the $250,000 settlement.

A-1278-20

On December 20, 2019, the motion judge heard oral argument on the motion to enforce the alleged settlement between the parties. During the hearing, an attorney from her then-counsel's office, argued there was "ambiguity" in the e-mails from the negotiations and that the paralegal may have "misspoke with th[e] dollar amount" because there was "inconsistency." On that day, the motion judge granted the motion to enforce the settlement and found the settlement to be "completely straightforward." The motion judge ruled there was no issue of material fact that would require a plenary hearing, as there was a settlement on September 16, which was "further confirmed by an e[-]mail by defense counsel, further confirmed by agreed upon release that was sent to plaintiff's counsel, and that thereafter . . . plaintiff rescinded the offer for her own reasons." Plaintiff then hired new counsel, who moved to vacate the order under Rule 4:50-1. That led to the judge entering the orders under review.

On appeal, plaintiff argues the motion judge erred in concluding there were no material issues of fact as to whether there was a settlement between the parties. Plaintiff maintains a settlement never existed because she never authorized her former counsel to demand and then accept $250,000 to settle the case. Plaintiff contends that because her prior counsel failed to advise the motion judge that plaintiff did not give authorization to settle for that amount, this court should remand

for a plenary hearing to give plaintiff an opportunity to demonstrate there was no authorization.

"A settlement agreement between parties to a lawsuit is a contract." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). "The '[i]nterpretation and construction of a contract is a matter of law for the court subject to de novo review.'" Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 474 (App. Div. 2009) (alteration in original) (quoting Spring Creek Holding Co. v. Shinnihon U.S.A. Co., 399 N.J. Super. 158, 190 (App. Div. 2008)). Thus, a trial judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Alfano v. BDO Seidman, LLP, 393 N.J. Super. 560, 573 (App. Div. 2007) (quoting Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)).

The standard for reviewing a contested motion to enforce a settlement is the same as a motion for summary judgment. Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 474-75 (App. Div. 1997). The judge should hold a plenary hearing "to establish the facts unless the available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge, as a rational factfinder, to resolve the disputed factual issues in favor of the non-moving party." Ibid. (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995)). Not every factual dispute triggers the need for a plenary hearing; a

A-1278-20

hearing is only required where "the evidence shows the existence of a genuine issue of material fact."  Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004).  However, "trial judges cannot resolve material factual disputes upon conflicting affidavits and certifications."  Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995).

"The general rule is that unless an attorney is specifically authorized by the client to settle a case, the consent of the client is necessary."  Amatuzzo, 305 N.J. Super. at 475 (citing City of Jersey City v. Roosevelt Stadium Marina, Inc., 210 N.J. Super. 315, 327 (App. Div. 1986)).  This court in Amatuzzo explained that

> [n]egotiations of an attorney are not binding on the client unless the client has expressly authorized the settlement or the client's voluntary act has placed the attorney in a situation wherein a person of ordinary prudence would be justified in presuming that the attorney had authority to enter into a settlement, not just negotiations, on behalf of the client.
>
> [Ibid. (citing U.S. Plywood Corp. v. Neidlinger, 41 N.J. 66, 74 (1963))].

When "the client by words or conduct communicated to the adverse attorney, engenders a reasonable belief that the attorney possesses authority to conclude a settlement, the settlement may be enforced.  However, the attorney's words or acts alone are insufficient to cloak the attorney with apparent authority."  Id. at 475-76.  "[T]he party asserting the lack of authority must

7

sustain 'a heavy burden to establish that [her] attorney acted without any kind of authority.'" Jennings v. Reed, 381 N.J. Super. 217, 231 (App. Div. 2005) (second alteration in original) (quoting Surety Ins. Co. v. Williams, 729 F.2d 581, 583 (8th Cir. 1984)).

In Amatuzzo, the defendant certified that he never entered into a settlement agreement with the plaintiff and made his objections to the proposed settlement clear to his attorney. 305 N.J. Super. at 473. The defendant alleged he did not provide consent to the terms of an oral agreement between his attorney and his adversary's counsel. Ibid. The defendant's attorney had sent a fax to the opposing counsel stating the terms of the proposed settlement were "acceptable" to the defendant. Id. at 474. This court concluded that the defendant's certification was "sufficient to raise a material and substantial issue as to whether he granted his attorney actual authority to settle." Id. at 476. We noted that the attorney may produce testimony at a hearing to convince the judge that there was actual authority, but a hearing was nevertheless required to "ascertain the intent of the parties at the various critical times in the proceedings." Id. at 474, 476.

Plaintiff has provided certifications expressing she did not authorize her former counsel or the paralegal to settle the case for $250,000. Plaintiff certified

that she never authorized the paralegal to counteroffer $250,000, which the paralegal did in an e-mail to defense counsel on September 1, 2019, stating plaintiff was not "budging down from the demand of $250,000." In support of her motion to vacate, plaintiff certified that one week earlier, she met with her former counsel and told him she wanted $500,00 but "also advised [she] would consider 'a little less.'"

Plaintiff alleges, that sometime between August 22 and September 20, when she heard from her former counsel's office that defendant "met [their] number," her former counsel or the paralegal entered into an unauthorized settlement for $250,000 without her consent. Plaintiff's domestic partner certified that he went with plaintiff to meet with her former counsel on August 25, and at that time, plaintiff rejected defendant's $250,000 settlement offer and demanded $500,000. Plaintiff's partner claimed that plaintiff advised her former counsel that she "would consider a little less once her bills/liens were finalized." Neither plaintiff's former counsel nor the paralegal have provided certifications or testified as to whether they received authorization from plaintiff to settle the case for $250,000. Plaintiff never signed the release sent by defense counsel.

Plaintiff's certification is sufficient to raise a material issue as to whether her former counsel had authority to settle for $250,000. A plenary hearing is

necessary for the judge to make findings of fact as to whether there was authorization to settle for $250,000. Like in <u>Amatuzzo</u>, plaintiff's former counsel may provide any relevant testimony, including whether plaintiff authorized him to settle the case for $250,000. 305 N.J. Super. at 476. Additionally, apparent authority must be established through plaintiff's words or actions rather than merely those of her former counsel. <u>See</u> <u>ibid.</u>

Reversed without prejudice and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION