**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2034-22

EVELYN E. MOUROUNAS,

     Plaintiff-Appellant,

v.

PARK CHATEAU ESTATE
& GARDENS, IN THE
PARK CHATEAU CATERERS,
LLC, d/b/a IN THE PARK
CHATEAU, IN THE PARK
CHATEAU REALTY, LLC, and
THE PRINT SHOPPE, INC.,

     Defendants-Respondents.

_____

THE PRINT SHOPPE, INC.,

     Defendant/Third-Party
     Plaintiff-Respondent,

v.

FELLERS, INC.,

     Third-Party Defendant-
     Respondent.

_____

FELLERS, INC.,

    Fourth-Party Plaintiff-
    Respondent,

v.

AVERY DENNISON
CORPORATION and ORAFOL
AMERICAS, INC.,

    Fourth-Party Defendants-
    Respondents.

_____

Submitted March 18, 2024 – Decided March 27, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3891-20.

James R. Baez (Sacco & Fillas, LLP), attorney for appellant.

Zirulnik, DeMille & Vilachá, attorneys for respondents Park Chateau Estate & Gardens, In the Park Chateau Caterers, LLC, d/b/a In the Park Chateau, In the Park Chateau Realty, LLC (Virginia E. Hughes, on the brief).

Law Office of Hermesmann & Coyne, attorneys for respondent The Print Shoppe, Inc. (Albertina Marie Amendola, on the brief).

PER CURIAM

2

A-2034-22

Plaintiff Evelyn E. Mourounas appeals from an order granting the motion of defendants Park Chateau Estate & Gardens, In the Park Chateau Caterers, LLC, d/b/a In the Park Chateau Realty, LLC ("Park Chateau"), and The Print Shoppe, Inc. ("Print Shoppe") to enforce an oral settlement reached during mediation. Because the parties did not reduce the settlement to a signed written agreement during or after the mediation as required by Willingboro Mall, Ltd. v. 240/242 Franklin Ave., 215 N.J. 242 (2013), and Gold Tree Spa, Inc. v. PD Nail Corp., 475 N.J. Super. 240 (App. Div. 2023), we are constrained to reverse.

Plaintiff alleged injuries sustained when she slipped and fell on the dance floor at Park Chateau. On January 25, 2023, the parties participated in a private non-binding mediation. Plaintiff did not attend the mediation. She was represented at the mediation by her attorney, James R. Baez, Esq. At the mediation, Baez agreed to a monetary settlement with Park Chataeu and Print Shoppe. The parties did not execute a written settlement agreement before the mediation ended. Later that day, Baez learned plaintiff underwent additional treatment for her injuries and was scheduled to undergo ankle surgery in April 2023. Upon receiving the draft settlement agreement a few days after the mediation, Baez advised defendants plaintiff would not agree to the settlement and refused to sign the written agreement.

On February 14, 2023, Park Chateau filed a motion to enforce the settlement, which Print Shoppe joined. Plaintiff opposed the motion, arguing the agreement reached during the mediation was contingent on her approval.

On March 3, the court entered an order granting defendants' motion supported by a written statement of reasons.[1] The court found the parties reached an enforceable agreement because Baez had authority to enter into the agreement, there is a strong public policy in favor of settlements, and the parties agreed to the essential terms of the settlement. On appeal, plaintiff argues there was never a binding settlement agreement because any agreement reached through mediation was contingent on her approval and she rejected the proposed settlement after the mediation.

"Our review of a motion to enforce settlement is de novo and considers whether the 'available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge . . . to resolve the disputed factual issues in favor of the non-moving party.'" Gold Tree Spa, 475 N.J. Super. at 245 (quoting Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 474-75

---

[1] Third-party and fourth-party claims were also asserted against other entities. Those entities were not parties to the alleged settlement, and the third-party and fourth-party claims were not addressed in the court's order enforcing the settlement. Nothing in this opinion is intended to affect the viability of those claims on remand.

(App. Div. 1997)).  The party seeking to enforce the settlement has the burden of proving a valid settlement was reached.  Amatuzzo, 305 N.J. Super. at 475.

A valid settlement agreement requires an offer and acceptance by the parties, "and the terms of the agreement must 'be sufficiently definite [so] "that the performance to be rendered by each party can be ascertained with reasonable certainty."'"  GMAC Mortg., LLC v. Willoughby, 230 N.J. 172, 185 (2017) (quoting Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992)).  There must be an "unqualified acceptance to conclude the manifestation of assent." Weichert, 128 N.J. at 435-36 (quoting Johnson & Johnson v. Charmley Drug Co., 11 N.J. 526, 539 (1953)).  "[I]f parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract."  Id. at 435.  "Where the parties do not agree to one or more essential terms, however, courts generally hold that the agreement is unenforceable." Ibid.

In Willingboro, our Supreme Court held "a settlement that is reached at mediation but not reduced to a signed written agreement will not be enforceable."  215 N.J. at 263.  In Gold Tree Spa, we concluded, consistent with Willingboro, because "[t]he parties did not sign the draft settlement agreement . . . it is unenforceable under Willingboro's broad, bright-line rule."

5                                                                                      A-2034-22

475 N.J. Super. at 245.  Therefore, "settlement through the mediation process only occurs when the parties agree in writing."  Ibid.

Here, the oral settlement reached at mediation was never reduced to a signed written agreement during or after the mediation.  Pursuant to Willingboro and Gold Tree Spa, the settlement is not enforceable.  To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION