**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1414-24

VILLAS AT MANVILLE LLC,

    Plaintiff-Appellant,

v.

BROOKS TOWNHOUSES LLC,

    Defendant-Respondent.

_____

> Argued October 28, 2025 – Decided November 13, 2025
>
> Before Judges Susswein and Augostini.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. C-012036-22.
>
> Tareef Chamaa (Chamaa Law LLC) argued the cause for appellant.
>
> Mark A. Speed argued the cause for respondent (Lambariello Smith & Speed, LLC, attorneys; Mark A. Speed, on the brief).

PER CURIAM

Plaintiff Villas at Manville LLC appeals from a December 20, 2024 order granting defendant Brooks Townhouses LLC's motion to enforce the parties' settlement agreement executed on February 21, 2024. We affirm.

I.

We glean the facts from the motion record. On September 28, 2021, the parties contracted for the sale of real property located in the Borough of Manville (the Property). They executed a purchase and sale agreement (PSA), wherein plaintiff agreed to purchase the Property from defendant for $800,000, with an initial deposit of $50,000, and a second deposit of $100,000 due at the close of the due diligence period. Following execution of the PSA and plaintiff's payment of the initial $50,000 deposit, a dispute arose between the parties regarding the terms of the PSA, the parties' duties thereunder, and certain representations attributed to defendant.

A year later, plaintiff sued defendant, asserting claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) common law fraud. Plaintiff's lawsuit arose from defendant's failure to deliver marketable title to the Property in accordance with the PSA because defendant failed to satisfy an outstanding judgment of $62,500 to the Borough

2

of Manville. On September 19, 2022, plaintiff recorded a lis pendens against the Property.

Following the exchange of discovery, the parties engaged in settlement discussions, which culminated in the execution of the settlement agreement and mutual release on February 21, 2024. The agreement provided for the reinstatement of the PSA and an extension of the due diligence period during which defendant could enter the Property and perform site studies to determine its suitability for development purposes. The settlement agreement also included a requirement that defendant satisfy the outstanding Manville judgment prior to or on the closing date for the Property. The initial extension of the due diligence period ended on May 22, 2024.

The parties agreed to extend the due diligence period again until July 21, 2024. In August 2024, plaintiff sought a further extension, which defendant agreed to negotiate. Defendant then sent a proposed addendum to plaintiff, extending the due diligence period yet again. Defendant, however, did not receive the signed addendum. On September 19, 2024, plaintiff's counsel advised he was "still working on getting the addendum signed" by his client but lost contact with his client. Because of the lack of response from plaintiff, defendant sent a notice of breach on October 25, 2024, agreeing to reinstate the

3

PSA and settlement agreement within fourteen days pursuant to certain conditions. Defendant received no response to this notice.

As a result of plaintiff's continued lack of response and failure to pay the additional deposits, on December 4, 2024, defendant filed a motion to enforce the settlement agreement. Defendant sought to have the initial deposit returned and the lis pendens discharged. The motion was returnable on December 20, 2024, with opposition due by December 12, 2024. Plaintiff failed to oppose or otherwise respond to the motion by the due date. Nor did plaintiff request defendant's consent to an adjournment or seek an adjournment before plaintiff's response was due.

Instead, a week after plaintiff's response was due, plaintiff filed an adjournment request. Plaintiff's counsel explained the adjournment request was based on his inability to speak with his client. According to counsel, he had been attempting to contact his client for approximately four months, even prior to the filing of defendant's motion, and had not been able to communicate with plaintiff until the afternoon of December 19, 2024. The trial court denied plaintiff's adjournment request. Without the court's permission, plaintiff attempted to file an untimely opposition on December 19, 2024, to which defendant objected.

4

The trial court addressed the motion as unopposed and partially granted the relief sought. In a comprehensive statement of reasons, the court found plaintiff had breached the settlement agreement, and because of this breach, plaintiff could not exercise its option under paragraph 2(i) of the PSA to terminate it, nor seek the return of the non-refundable $50,000 initial deposit. The court stated that because of the lis pendens, defendant was unable to sell the Property to another buyer. The court concluded that plaintiff should have discharged the lis pendens because the settlement agreement released the parties from claims in this action, and therefore, plaintiff breached the settlement agreement by not discharging the lis pendens. The court ordered plaintiff to discharge the lis pendens within fourteen days, and it relieved defendant of any further obligations under the settlement agreement and PSA.

Plaintiff's prior counsel released the $50,000 deposit to defense counsel and discharged the lis pendens that remained on the Property. This appeal followed.

Plaintiff contends the trial court erred by: (1) denying plaintiff's request for an adjournment of the motion hearing; and (2) disposing of the parties' breach of contract claims by granting defendant's motion to enforce the settlement agreement.

5

## II.

We first address plaintiff's contention regarding the trial court's denial of its adjournment request, which we review for an abuse of discretion. Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 573-75 (2003). "[A] motion for an adjournment is addressed to the discretion of the court, and its denial will not lead to reversal unless it appears from the record that the defendant suffered manifest wrong or injury." Kornbleuth v. Westover, 241 N.J. 289, 300 (2020) (alteration in original) (quoting State v. Hayes, 205 N.J. 522, 537 (2011)). However, we review for plain error an issue not properly raised before the trial court. R. 2:10-2.

"[A]n abuse of discretion will only 'arise[] when a decision is made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" Matter of Fernandez, 468 N.J. Super. 377, 391 (App. Div. 2021) (alteration in original) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). In controlling its calendar, courts are given broad discretion. State v. Kates, 426 N.J. Super. 32, 45 (App. Div. 2012).

Plaintiff contends the court erred by not giving a rational explanation for denying the adjournment request and by failing to consider the prejudicial impact on plaintiff of granting the relief defendant sought. Plaintiff further

A-1414-24

argues that by granting the motion, the court rewarded defendant for its bad faith in the litigation. These arguments are unsupported by the record and are without merit.

It is undisputed that plaintiff received notice of the motion in compliance with court rules. It is further undisputed that in advance of the deadline for its response, plaintiff made no effort to obtain its adversary's consent to a one-cycle adjournment. Instead, on the eve of the motion's return date, plaintiff requested an adjournment but offered no explanation as to why the adjournment was not sought before the due date for responsive pleadings. As a result, plaintiff gave no reasonable notice to the court and defendant of this request.

Plaintiff argues that the court erred in denying the adjournment request because the case was not being actively litigated. Plaintiff provides no legal support for this assertion, and nonetheless, there were ongoing, agreed-upon deadlines to meet pursuant to the settlement agreement. Moreover, the status of the litigation has little bearing on the enforcement of a valid settlement agreement. We are satisfied that, under these circumstances, the court acted well within its discretion in denying the late adjournment request.

A-1414-24

III.

Plaintiff next contends that the court erred in granting defendant's request to enforce the parties' settlement agreement. Specifically, plaintiff claims the court erred in resolving the breach of contract claims by way of a motion to enforce the agreement, and instead, should have required defendant either to file a new lawsuit or move for summary judgment to enforce the settlement agreement. Plaintiff further argues that defendant was in breach and could not move to enforce the settlement agreement. Both arguments are without merit.

Our law is well-settled on the importance of enforcing settlement agreements. "Settlement of litigation ranks high in our public policy[,]" and as a result, absent compelling circumstances, courts honor and enforce those agreements. Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (quoting Jannarone v. W.T. Co., 65 N.J. 472 (App. Div. 1961)). Therefore, on an unopposed motion, trial courts are empowered to enforce settlement agreements, "unless the available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge, as a rational factfinder, to resolve the disputed factual issues in favor of the non-moving party." Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 475 (1997) (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995)). On a disputed application, a hearing may be

required to establish the disputed material facts to determine whether and under what circumstances the settlement agreement should be enforced. See, e.g., Lepis v. Lepis, 83 N.J. 139, 159 (1980) (holding a hearing is not required "when the material facts are not in genuine dispute").

In this case, there is no dispute that the parties, represented by counsel, voluntarily entered a settlement agreement. Plaintiff does not assert fraud or compelling circumstances that would invalidate this agreement. Capparelli v. Lopatin, 459 N.J. Super. 584, 604 (App. Div. 2019) (quoting Jennings v. Reed, 381 N.J. Super. 217, 227 (App. Div. 2005)) (quoting Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983)). Moreover, the parties memorialized their agreement in unambiguous terms in the settlement agreement, which provided that in an event of a breach, "the nonbreaching party may move before the court for an order enforcing the terms of the settlement agreement." Therefore, the agreement specifically allowed a non-breaching party to seek enforcement as defendant did here.

Furthermore, defendant counters that the entire controversy doctrine required an application to enforce the parties' settlement agreement be brought in the context of this litigation. We agree. To require a separate lawsuit to be filed to seek enforcement of the settlement agreement would fragment the

litigation, which our law clearly discourages.  E.g., Oliver v. Ambrose, 152 N.J. 383, 392, (1998); Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 322, (1995).  Oltremare v. ESR Custom Rugs, 330 N.J. Super. 310, 315 (App. Div. 2000) (quoting Wm. Blanchard Co. v. Beach Concrete Co., 150 N.J. Super. 277, 292-293 (App. Div. 1977)); R. 4:30A.

Plaintiff contends the court failed to apply the proper standard of review and was required to conduct a hearing to establish contested facts before rendering the relief sought.  "Viewing the available competent evidence . . . in a light most favorable to the non-moving party," the court's findings were undisputed and supported by the record.  Amatuzzo, 305 N.J. Super. at 474-75.  As the court found, plaintiff did not extend the due diligence period beyond July 21, 2024, did not terminate the PSA prior to the deadline of the extended due diligence period and did not pay the second deposit due by July 26, 2024; thus, "[plaintiff] did not uphold its contractual obligations."  We hold the trial court did not err in enforcing the clear and unambiguous terms of the settlement agreement and the undisputed facts support this decision.  Quinn v. Quinn, 225 N.J. 34, 45 (2016) (holding "when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written").

A-1414-24

In sum, we discern no error in the court's decision to deny the adjournment request nor in upholding the settlement agreement and enforcing express terms of the parties' agreement. To the extent we have not addressed any of plaintiff's remaining arguments, those arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

11                                                    A-1414-24