229 N.J. Super. 496 (1988)
552 A.2d 182
ZACHARY G. ADLER, PLAINTIFF-RESPONDENT-CROSS-APPELLANT,
v.
LOUANA ADLER, DEFENDANT-APPELLANT-CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 29, 1988.
Decided December 22, 1988.
*497 Before Judges LONG and KEEFE.
Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin, attorneys for appellant (Herman J. Ziegler, of counsel; Glenn R. Turtletaub, on the brief).
Arthur Del Colliano, attorney for respondent.
The opinion of the court was delivered by LONG, J.A.D.
Defendant Louana Adler here appeals from the denial of her motion that plaintiff Zachary G. Adler pay alimony to her and pay medical expenses for the two children of their marriage. Plaintiff cross appeals from the trial judge's order that he pay the college expenses of the children and also increased child support.
The parties were divorced in 1978 pursuant to a judgment which incorporated a comprehensive property settlement agreement. The agreement was silent as to alimony and provided for minimal child support for the two children of the marriage. At the time of the divorce, plaintiff had no income because he was attending medical school and defendant was earning about $10,000 per year. Thereafter, plaintiff completed his medical education. In 1983, the agreement was modified to require plaintiff to be responsible for one-half of the children's unreimbursed medical expenses.
In 1984, an event occurred which triggered this litigation. Defendant has a congenital eye condition called nystagmus, resulting from the lack of development of her retinas. As she aged, the condition deteriorated, thus affecting her vision. By September 1984, her visual acuity had been reduced to a level which made her unable to perform gainful employment on a *498 daily basis. According to her physician, defendant will never regain her previous degree of vision and will instead suffer even more visual impairment as she ages. As a result of her condition, defendant left her employment as an insurance representative in September 1984. In that position, she had earned gross income of $14,869 in 1983 and $14,049 through September 1984. By 1986, defendant's earned and interest income totalled $1,279.10, in addition to which she received Social Security disability payments of $338 per month for herself and $121 per month for her minor son Richard.
On the basis of her changed circumstances, defendant moved to modify the divorce judgment requesting alimony and the payment of all of the children's unreimbursed medical expenses. The judge denied the ultimate relief but ordered discovery and a plenary hearing on the issue of changed circumstances. Defendant then withdrew her application, ostensibly because she could not afford to finance the discovery and the hearing. In 1987 she borrowed money from friends and filed a new motion seeking various relief including plaintiff's payment of one-half of the children's unreimbursed medical expenses pursuant to a voluntary agreement the parties had made, increased child support, payment of college expenses and discovery and a plenary hearing on the issue of alimony. The plaintiff opposed the motion.
The financial facts of the case at the time of the motion were that the son's Social Security payments had ceased and defendant's income from all sources including Social Security was about $6500.00. Plaintiff's income in 1986 was $33,769.68 from a medical residency program. His subsequent earnings are not revealed in the record which is also silent as to any familial responsibilities shouldered by plaintiff who has remarried.
The two children of the marriage are grown. The daughter is emancipated. The son graduated from high school in June 1987 and was accepted at Colgate. Anticipated costs for his attendance at Colgate for the 1987-88 academic year were *499 $16,480; $3,400 of this was to come from his "family contribution." Defendant contended that she was financially unable to make any contribution toward Richard's education and urged the judge to order plaintiff to provide some monetary aid.
The trial judge rejected defendant's request for alimony and for a plenary hearing essentially because her failing eyesight did not represent "changed circumstances" since her condition was congenital and thus known to her when she negotiated the divorce agreement. Therefore, according to the judge, no real change in circumstances occurred when defendant lost her vision in September 1984. Additionally, he refused to make plaintiff responsible for one-half of the children's unreimbursed medical expenses, despite the June 29, 1983 modification agreement in which plaintiff accepted that responsibility. The judge ruled that he had denied such relief in his order of August 4, 1986, and that there was no reason to amend that order. Finally, he ordered plaintiff to pay increased child support and certain college expenses for Richard. Both parties appeal. We reverse.
Defendant clearly presented a prima facie case of changed circumstances under Lepis v. Lepis, 83 N.J. 139 (1980) by showing that her eyesight problems substantially impaired her ability to support herself. The unrefuted evidence showed that by September 1984 defendant had lost her vision as a result of a congenital eye condition that worsened because of her advancing age. This loss of vision was permanent. As a consequence of her blindness, she was unable to continue her employment beyond September 1984 which resulted in a precipitous drop in her earnings from roughly $14,800 per year in 1983 to less than $6,500 per year in 1986. Where the trial judge went wrong was in reasoning that because defendant knew of her congenital eye problem at the time of the divorce, there was no change of circumstances when she became blind. The change was a change in her employment status. At the time of the divorce although she had the incipient eye condition, defendant was gainfully employed. By 1984 her eyesight had deteriorated to *500 the point that she was blind and essentially unemployable. This deterioration of a preexisting condition was a change in circumstances which substantially impaired defendant's ability to support herself. Lepis v. Lepis, supra, 83 N.J. at 157. Thus, the trial judge plainly erred when he failed to find changed circumstances brought on by defendant's blindness.
We disagree with plaintiff's two contentions to the contrary. His first is that in 1986, the judge denied defendant's similar application thus barring the later motion. This is incorrect. The earlier denial was nothing more than an interim ruling pending discovery (which unfortunately never came to pass) and not a disposition on the merits. Finally, plaintiff claims that the "key issue" in this case is that "people are not inexorably together in this life" and that "[t]here does come a time when people even go beyond the scope of Lepis." This may well be correct. However, nothing in this case suggests that the limits of Lepis have been approached. Defendant's financial circumstances deteriorated markedly about six years after the marriage ended. This deterioration resulted from a physical ailment that had not fully manifested itself at the time of divorce. Chronologically and theoretically, this case falls squarely within the purview of Lepis.
We thus remand the case to the trial judge for an analysis of the full present financial circumstances of both parties. Attention needs to be given to defendant's prognosis, the standard of living enjoyed by the parties during the marriage, the contributions defendant made (if any) to the plaintiff's attainment of his medical degree and any and all other issues which would have borne on the question of alimony at the time of the divorce. Cross-discovery should take place including medical expert examination of defendant if plaintiff requests it and a plenary hearing, if necessary to resolve a genuine issue of material fact if one arises. Fusco v. Fusco, 186 N.J. Super. 321 (App.Div. 1982).
*501 In the same proceeding, the trial judge should reconsider all of the other financial issues which were the subject of the defendant's motion and this appeal and cross appeal. It would be unfair for us to resolve the other issues here when the fundamental tapestry of the parties' financial life may well be altered as a result of the pending alimony proceeding.
REVERSED AND REMANDED.