**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0597-15T3

SHELLEY MIZRAHI,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

ALBERT SROUR,

    Defendant-Appellant/
    Cross-Respondent.

_____

> Submitted February 16, 2017 — Decided April 20, 2017
>
> Before Judges Hoffman and Whipple.
>
> On appeal from Superior Court of New Jersey,
> Chancery Division, Family Part, Monmouth
> County, Docket No. FM-13-1983-14.
>
> Agnes Rybar, attorney for appellant.
>
> Keith, Winters & Wenning, L.L.C., attorneys
> for respondent (Brian D. Winters, on the
> brief).

PER CURIAM

    Defendant appeals from July 17 and August 28, 2015 Family

Part orders.  Plaintiff cross-appealed.  We affirm in part, and

we remand to the trial court for clarification of the child support arrears.

Plaintiff and defendant married in October 1996 and had four children. The parties divorced pursuant to a New York Judgment of Divorce on December 17, 2012.[1]

The Judgment of Divorce awarded plaintiff seventy percent and defendant thirty percent of the marital estate, primarily consisting of the family's house. Use and occupancy of the house, located in Brooklyn, New York, was given exclusively to plaintiff. If plaintiff could not buy out defendant's interest in the home, she was to sell the house. Plaintiff was entitled to receive credit from defendant's share of the sale proceeds of $70,000 for current outstanding attorney fees owed by plaintiff, $47,324 for support and arrears, and $5,000 for interim attorney fees unpaid by the defendant, as well as the outstanding balance of tuition owed to the children's school.

In February 2013, defendant filed an order to show cause in New York, seeking to vacate the judgment of divorce and stay the sale of the Brooklyn house. In response, plaintiff filed an order to show cause seeking an injunction against defendant interfering

_____

[1] Numerous other post-judgment orders were entered in the New York courts prior to the motions, which are the subject of this appeal.

A-0597-15T3

in the sale of the martial home. Plaintiff submitted an affidavit and supporting documents establishing the house was sold and detailing the various disbursements and credits from the proceeds, which left nothing to distribute to defendant. Because the marital home had already been sold, the New York court dismissed plaintiff's application as moot and denied defendant's motion for a stay. Defendant did not appeal. On August 25, 2014, plaintiff registered the Judgment of Divorce in New Jersey after she moved to the state with the four children.

In December 2014, plaintiff moved before the Family Part in Monmouth County to deny defendant any unsupervised time with their youngest son. Plaintiff also sought an application through the Monmouth County Court Family Support Center to "establish and transfer child support arrears from New York to New Jersey."

A January 8, 2015 order provided the following:

> 1. The Defendant's child support arrears accrued in New York State shall be set for purposes of collection and garnishment in the State of New Jersey via Family Support Center (Probation) in the amount of $34,973.20 which reflects the total amount due less all applicable credits to the Defendant for amounts previously paid or to be credited . . . .
>
> 2. There continues to be dispute over $15,511 in arrears to the extent that this amount has been reduced to a Judgment in the State of New York, which may be enforced in New Jersey as a civil judgment. The parties shall, with

counsel, mediate this issue and provide proofs with regard to whether or not that amount has been properly credited or deducted from the amount permitted to be set as enforceable arrears in N[ew] J[ersey]. If there is no agreement on that issue, counsel shall submit written proofs to the Court and the Court shall determine whether or not it is appropriate to add $15,511 to the amount of arrears established in New Jersey.

On February 26, 2015, defendant filed an Order to Show Cause seeking injunctive relief. Defendant asserted, among other things, plaintiff had fraudulently transferred ownership of her Eatontown home to her mother to frustrate his ability to receive his share of the proceeds of the Brooklyn home.

In May 2015, defendant filed a motion, requesting among other things, the court find plaintiff failed to provide an accounting from the proceeds of the sale of their marital home. Plaintiff cross-moved to fix child support and alimony arrears at $79,694.20 as of June 5, 2015, and to enter judgment against defendant in that amount. Plaintiff arrived at this amount by combining the amount of a New York judgment, $15,511, with amounts she claimed represented separate New York arrears of $34,973.20 and New Jersey arrears of $29,210.

In a July 17, 2015 order, the judge denied defendant's request to revisit distribution of proceeds from the Brooklyn home. She found plaintiff had provided an adequate accounting regarding the

net proceeds from the sale and denied defendant's request to compel plaintiff to pay defendant his thirty percent of the proceeds. The court found no basis to restrain plaintiff from transferring her interest in her home, or to join the plaintiff's mother in this action, because there were no open equitable distribution issues as the distribution issues had already been litigated in New York.

The judge denied plaintiff's motion to set child support arrears at $79,694.20. Plaintiff and defendant both filed motions for reconsideration of the July 17, 2015 order. On August 28, 2015, the judge entered an order finding plaintiff's motion for reconsideration untimely because the arrears were fixed in the January 8, 2015 order, and a motion for reconsideration should have been filed within twenty days from the date of that order. The judge also found the court was "fully satisfied that the plaintiff has provided sufficient documentation of the use of the proceeds of the marital home." This appeal followed.

Defendant argues the trial court acted improperly by accepting plaintiff's accounting of the sale of the marital home because the accounting had many discrepancies. Defendant argues the trial court should not have accepted the accounting because defendant's evidence presented a genuine issue of material fact,

and thus, the trial court's failure to require additional discovery or an evidentiary hearing was an abuse of discretion. We disagree.

Material factual disputes should be resolved through plenary hearings, but "not every factual dispute that arises in the context of matrimonial proceedings triggers the need for a plenary hearing." Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div.) (citing Adler v. Adler, 229 N.J. Super. 496, 500 (App. Div. 1998)), certif. denied, 142 N.J. 455 (1995). Trial judges "cannot resolve material factual disputes upon conflicting affidavits and certifications." Ibid. (citing Fusco v. Fusco, 186 N.J. Super. 321, 329 (App. Div. 1982); Tancredi v. Tancredi, 101 N.J. Super. 259, 262 (App. Div. 1968)). Based upon a trial court's ability to "hear[] the case, see[] and observe[] the witnesses," we give deference to a trial court's credibility determinations. Cesare v. Cesare, 154 N.J. 394, 412 (1998) (quoting Pascale v. Pascale, 113 N.J. 20, 33 (1988)).

Our review of the record shows plaintiff provided the trial court with the March 18, 2013 affidavit she filed in response to the February 13, 2013 order to show cause defendant filed in New York. The affidavit provided a detailed explanation of how the proceeds from the sale of the house were distributed and what credits were applied. Included in her affidavit was a detailed account of defendant's liabilities credited against his thirty

percent share of proceeds. We note the New York court determined, in a June 6, 2013 order, defendant's request for a stay was denied as the sale of the marital home had already occurred. We also note defendant did not appeal that order, nor did he move for reconsideration to challenge plaintiff's accounting in the New York courts. Defendant also did not appeal the final judgment of divorce. Because the New York court determined defendant's challenge to the distribution of the marital estate was moot in 2013, and that order was never appealed, we are satisfied the trial judge correctly determined plaintiff's disclosure demonstrated that no open issues remained concerning equitable distribution.

Defendant also argues plaintiff made a fraudulent conversion when she transferred the New Jersey property to her mother, and the trial court erred by not allowing defendant to join plaintiff's mother as a party and failed to restrain plaintiff and her mother from selling the property. We reject these arguments.

The judge noted in her decision, "the only matters open before the court [were] potential changes in custody and parenting time." Additionally, plaintiff's mother had no part in these proceedings, and defendant is not entitled to recover anything from her.

The judge declined to restrain plaintiff and her mother from selling the New Jersey property plaintiff bought with the proceeds

A-0597-15T3

from the sale of the marital home. Defendant had no claim against plaintiff at the time of the transfer because the court had accepted plaintiff's accounting of the sale of the marital home. We discern no error in the judge's conclusion.

Plaintiff argues the judge made a mathematical error and the total arrears of child support should be $69,661 because the $15,511 support judgment from New York should have been added to $54,150, which plaintiff argues is the amount owed from September 12, 2013, to June 5, 2015. Defendant argues the motion for reconsideration of the January 8, 2015 order is not timely, but fails to provide any legal citations as to why this is not timely. He argues if the motion is found to be timely, an abuse of discretion standard applies. Defendant also asserts there was no mathematical error by the court.

Based on our review of the record, the trial judge's orders are conflicting. In the January 8, 2015 order, the trial judge stated child support arrears from New York were $34,973.20. The trial judge noted a continuing dispute over the New York judgment for $15,511 in arrears and "whether or not that amount has been properly credited or deducted from the amount permitted to be set as enforceable arrears in N.J." The January 8, 2015 order directed the parties to mediate the issue and submit proofs "with regard to whether or not that amount has been properly credited or

deducted from the amount permitted to bet set as enforceable arrears in N.J."

In the July 17, 2015 order, the trial judge addressed arrears again, noting plaintiff argued the amount of arrears for both New York and New Jersey should be set at $79,694.20, but defendant opposed that amount "and certifie[d] that the court order of January 8, 2015 lumped all the arrears together." The trial judge cited the January 8, 2015 order, including the discussion of the dispute over the $15,511. The trial judge "agree[d] with the Defendant's interpretation and f[ound] that the arrears amount has been set. There has been no timely motion for reconsideration of that order, or appeal."

In her August 28, 2015 order, the trial judge noted plaintiff's motion for reconsideration on the arrears was untimely because the arrears were set in the January 8, 2015 order, not the July 2015 order, and a motion for reconsideration should have been filed within twenty days from January 8, 2015.

The trial judge specifically stated in the January order that $15,511 was in dispute and the parties should mediate the issue, but later agreed with defendant the January order had set the arrears, including the $15,511 she previously said was in dispute. In the August order, the judge then denied plaintiff's motion for reconsideration, stating the motion for reconsideration of the

arrears should have followed the January order; however, in the January order, the judge had informed the parties the arrears were in dispute and did not state she was setting the arrears for both New Jersey and New York. Therefore, we remand this matter to the trial court for a determination of the arrears due to plaintiff for both New York and New Jersey.

Affirmed in part; remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                              A-0597-15T3