**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0251-18T3

JESUS GONZALEZ,

    Plaintiff-Respondent,

v.

ELECTRONIC INTEGRATION
SERVICES, LLC, t/a PANURGY
OEM,

    Defendant-Appellant.

_____

Submitted May 6, 2019 – Decided May 30, 2019

Before Judges Sabatino, Sumners and Susswein.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2572-15.

Ford & Harrison LLP, attorneys for appellant (Salvador Pedro Simao, of counsel and on the brief; Jeffrey A. Shooman, on the brief).

Berkowitz Lichtstein Kuritsky Giasullo & Gross, LLC, attorneys for respondent (John Messina, on the brief; Evan Silagi, on the brief).

PER CURIAM

On the cusp of starting a jury trial of plaintiff Jesus Gonzalez's employment discrimination complaint against his former employer, defendant Electronic Integration Services, LLC, t/a Panurgy OEM (Panurgy), a settlement was reached and placed on the record before Judge Louis S. Sceusi. In consideration for dismissal of Gonzalez's suit, Panurgy agreed to pay Gonzalez $175,000. Panurgy was represented by its designated trial counsel and did not have any other company representative present when the terms were confirmed on the record or at any point during the two-day settlement negotiations orchestrated by Judge Sceusi and another judge.

When Panurgy later decided not to pay the settlement claiming counsel was not authorized to settle the matter, Gonzalez successfully moved to enforce the settlement agreement. Appealing that order of enforcement, Panurgy contends the judge erred in not holding a plenary hearing to determine whether counsel had apparent authority to enter into the settlement agreement on its behalf. We conclude that a plenary hearing was unnecessary and that trial counsel had apparent authority to settle the matter, therefore, we affirm.

Throughout the litigation of Gonzalez's discrimination complaint, trial counsel represented Panurgy as designated in the company's pleadings. According to a certification by Panurgy's Human Resource Director at the time,

Andrea McCurdy, there were concerns with the way trial counsel was handling the case, but it eventually decided to allow him to continue representing the company.

Prior to the scheduled start of jury trial on May 8, 2018, settlement conferences were conducted by Judge David H. Ironson on May 7, and by Judge Sceusi on May 8, which culminated in an agreement that was placed on the record by both counsel and confirmed by Gonzalez on that later date. The agreement required Panurgy to pay Gonzalez $175,000 as follows: $100,000 to be paid immediately, and the remaining $75,000 to be paid on August 6, 2019.

Later that day, Panurgy advised trial counsel that it would not sign the written settlement agreement that was being drafted by Gonzalez's counsel. Panurgy contended its counsel was not given any authority to settle the case as the company always took the position that Gonzalez's allegations had no merit. Moreover, Panurgy advised trial counsel that he was no longer representing the company; new counsel was later retained.

After discovering that Panurgy refused to pay the settlement, Gonzalez filed a motion to enforce litigant's rights. According to the certification of trial counsel who represented Panurgy during the settlement, he contended that he obtained actual settlement authority from its CEO Richard Levinson. Panurgy

3

opposed, arguing that its trial counsel "went rogue" and settled the matter without any actual or apparent authority to do so. There is, however, no dispute that McCurdy was told by counsel to be in court the morning of May 8, for the start of the trial, but she failed to appear.

On August 14, Judge Sceusi granted Gonzalez's motion and ordered that the terms of the settlement agreement were binding.[1] In his statement of reasons attached to the order, the judge explained that Panurgy's trial counsel had apparent authority to bind it to the settlement based on his representation and his role as the company's legal representative. Panurgy's motion for reconsideration contending that the judge ignored binding case law to hold a hearing was denied on September 14. Less than a year later, on May 3, 2019, the judge issued amplification of his decision, wherein he reiterated the same

---

[1] In the order, the judge affirmed a similar order dated July 10, which was entered without giving Panurgy's new counsel the opportunity to submit opposition papers.

A-0251-18T3

reasoning for ordering that the settlement agreement was binding on Panurgy.[2]

This appeal followed.[3]

We begin with the well-settled principle that "[t]he settlement of litigation ranks high in our public policy," <u>Jannarone v. W.T. Co.</u>, 65 N.J. Super. 472, 476, (App. Div. 1961), thus, "settlement agreements will be honored 'absent a demonstration of fraud or other compelling circumstances.'" <u>Nolan v. Lee Ho</u>, 120 N.J. 465, 472 (1990) (internal quotation marks omitted) (quoting <u>Pascarella v. Bruck</u>, 190 N.J. Super. 118, 125 (App. Div. 1983)). When there is a

---

[2] The amplification was issued three days before this appeal was considered without oral argument. Among other things, Panurgy contends the amplification was untimely, because it was not filed within fifteen days of the trial judge's receipt of the notice of appeal as allowed under <u>Rule</u> 2:5-1(b). While Panurgy correctly cites the rule, there is nothing in the rule, or any other rule, that prevents this court from considering a trial court's amplification if it is filed beyond the fifteen-day timeframe. In addition, because the parties accepted our invitation to submit supplemental briefs addressing the amplification, there is no prejudice to the parties due the submission. Moreover, the amplification essentially addresses the post-appeal enforcement efforts by Gonzalez and Panurgy's efforts to stay enforcement, which are not the subject of this appeal, but have been presented to this court through an emergent motion to stay and for leave to appeal. The emergent motion is discussed at the conclusion of this opinion.

[3] Panurgy's motions to stay enforcement of Judge Sceusi's orders enforcing the settlement agreement have been denied by the judge, this court and our Supreme Court.

A-0251-18T3

disagreement as to whether a settlement was reached, the court must resolve the dispute.

"On a disputed motion to enforce a settlement," a trial judge must apply the same standards "as on a motion for summary judgment[.]" Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 474 (App. Div. 1997). Thus, the judge "cannot resolve material factual disputes upon conflicting affidavits and certifications." Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995). Appellate review of a ruling on a motion for summary judgment is de novo, applying the same standard governing the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014).

When a judge is faced with disputed material facts in a motion to enforce a settlement, a hearing must be conducted "to resolve the disputed factual issues in favor of the non-moving party." Amatuzzo, 305 N.J. Super. at 474-75. However, this court has stressed that not every factual dispute on a motion requires a plenary hearing; a plenary hearing is only necessary to resolve a genuine issue of material fact. See Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004); Harrington, 281 N.J. Super. at 47; Adler v. Adler, 229 N.J. Super. 496, 500 (App. Div. 1988).

A-0251-18T3

In this case, the only disputed fact is whether trial counsel received actual authority to settle Gonzalez's claims. Panurgy disputed counsel's assertion that he had such authority; arguing the judge failed to hold a hearing to determine whether its trial counsel had actual or apparent authority to bind it to a settlement. Panurgy maintains – as set forth in the certifications of McCurdy and Levinson – counsel was never authorized to settle the case for $175,000. The company contended that counsel was repeatedly told the case was frivolous, and that it wanted to go to trial unless a "nuisance value" settlement could be reached. Claiming there is a bona fide dispute whether trial counsel had settlement authority, Panurgy urges that based upon Amatuzzo, we must reverse and remand for a plenary hearing. We disagree.

Whether trial counsel had settlement authority is of no consequence in determining whether Gonzalez's motion to enforce the settlement agreement should have been granted. Enforcement of the agreement turns on whether counsel had apparent authority to reach a settlement with Gonzalez. See Pascarella v. Bruck, 190 N.J. Super. 118, 125 (App. Div. 1983) (holding an agreement placed on the record but memorialized in writing is binding "absent a demonstration of 'fraud or other compelling circumstances[.]'").

A-0251-18T3

A party's trial attorney can enter into a settlement on behalf of his or her client. "[A]n attorney for a private party may settle a lawsuit based upon actual or apparent authority to do so." Seacoast Realty Co. v. W. Long Branch Borough, 14 N.J. Tax 197, 202-03 (Tax 1994) (citing United States Plywood Corp. v. Neidlinger, 41 N.J. 66, 73-74 (1963)). Apparent authority is created when "the client's voluntary act has placed the attorney in a situation wherein a person of ordinary prudence would be justified in presuming that the attorney had authority to enter into a settlement, not just negotiations, on behalf of [a] client." Amatuzzo, 305 N.J. Super. at 475. Where the principal "places the attorney in a position where 'a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question.'" Seacoast Realty Co., 14 N.J. Tax at 204-05 (quoting Neidlinger, 41 N.J. at 74); see also LoBiondo v. O'Callaghan, 357 N.J. Super. 488, 497 (App. Div. 2003) (creation of apparent authority is based on "the actions of the principal, not the alleged agent."). Therefore, "sending an attorney to a settlement conference presumptively establishes that the attorney has authority to settle . . . ." Id. at 204.

A-0251-18T3

Applying these principles, we agree with Judge Sceusi's reasoning[4] that:

> [F]or several reasons, [counsel] had apparent authority to act on behalf of [Panurgy]. [Counsel] was [Panurgy]'s sole attorney of record since the inception of this matter in 2015. [He] engaged in motion practice, mediation and settlement discussions and was the Designated Trial Attorney for [Panurgy]. . . . [He] was the sole representation of [Panurgy] to appear for trial; by [Panurgy]'s own actions, [he] was placed in a situation wherein a person of ordinary prudence, in this case [Gonzalez]'s counsel and this [c]ourt, were justified in presuming that [counsel] had authority to enter into the settlement agreement on behalf of [Panurgy].

There were no factual assertions presented by Panurgy to Judge Sceusi that needed to be resolved by a plenary hearing to address whether counsel was cloaked with the apparent authority to enter into a settlement agreement. Given counsel's continuous representation of Panurgy throughout the litigation, concluding with placing the settlement on the record after two consecutive days of settlement conferences, there was a clear demonstration to the judge and Gonzalez that he had the authority to reach a settlement. Panurgy has presented no facts that bring into question whether its counsel had apparent authority to negotiate and reach a binding settlement agreement on its behalf. Consequently, we discern no value in conducting a plenary hearing.

---

[4] Set forth is his statement of reasons attached to the August 14, 2018 order.

A-0251-18T3

Lastly, on May 7, 2019, while this appeal was pending, we granted Panurgy permission to file a motion for emergent relief for leave to stay and appeal a May 3 order by Judge Sceusi, which denied reconsideration of a March 22 order permitting Gonzalez to enforce the August 14, 2018 order that the settlement agreement was binding. Specifically, Panurgy seeks to stay and appeal: paragraph 3(c), which requires payment of $100,000 to Gonzalez from the attorney trust account of Panurgy's counsel "in compliance with the terms of the settlement agreement," as previously enforced by the court's orders; and paragraph 5, which requires Panurgy's counsel "to immediately turn over any remaining funds in its trust account left when it originally placed the $100,000 in its trust account" for Gonzalez. Because we have affirmed the August 14 order enforcing the parties' settlement agreement, the emergent motion to stay and for leave to appeal is denied as moot.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION