**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1930-23

ERIC WEISS,

    Plaintiff-Appellant,

v.

INVESTORS BANK, PNC BANK
and STEVEN MARDER,[1]

    Defendants,

and

ABBIE ROSE REALTY, LLC,
INKWELL USA, and INKWELL
GLOBAL MARKETING,

    Defendants-Respondents.

_____

      Argued January 22, 2026 – Decided April 14, 2026

      Before Judges Mawla and Bishop-Thompson.

---

[1] Plaintiff entered into separate settlement agreements with PNC Bank and Investors Bank and were dismissed from the matter. At some point, Marder was also dismissed. However, the record on appeal does not contain the stipulations of dismissal for these three defendants.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6431-18.

Eric S. Weiss, appellant, argued the cause on appellant's behalf.

Eric P. Blaha argued the cause for respondents (LaRocca Hornik Greenberg Kittredge Carlin & McPartland LLP, attorneys; Eric P. Blaha, on the brief).

PER CURIAM

Plaintiff Eric Weiss appeals from several orders of the Law Division: (1) two October 17, 2023 orders granting defendants Abbie Rose Realty, LLC; Inkwell U.S.A.; and Inkwell Global Marketing's (collectively, defendants) motion to enforce settlement and denying his cross-motion to amend the complaint and for sanctions; and (2) two January 16, 2024 orders denying plaintiff's motion for reconsideration of those orders. We affirm.

## I.

On September 10, 2018, self-represented plaintiff, an experienced real estate broker, filed a complaint against the defendants, seeking damages for allegedly unpaid commercial real estate brokerage commissions related to property in Manalapan. Plaintiff asserted these commissions were owed under a 2006 lease and commission agreement with defendants.

2

After extensive motion practice and multiple adjourned trial dates, the matter was scheduled for trial on March 20, 2023. Prior to the commencement of trial, the parties engaged in negotiations and reached a settlement. On March 8, 2023, plaintiff emailed defendants' counsel the proposed terms, stating:

> This is to confirm our just had conversation.
>
> 1) Amount      $ [redacted]
> 2) Payment      By certified check (I assume such)
> 3) Timing      Funds to be received in [seven] days
> 4) Agreement      to be prepared by Blaha
>      Resolved against Steve Marder, Inkwell[,] and Abbie Rose Realty
>      NDA to be included.
> 5) Adjournment      You agree to a [thirty]-day adjournment
>
> I think this was everything.

Eleven minutes later, defendants' counsel replied:

> Thanks, [plaintiff]. A few clarifications, payment made after agreement and all documents fully signed by all parties. You will need to release all claims against Steve, his affiliated entities, family members[,] and professionals as well (standard language). Steve may want to wire. Subject to the foregoing, the adjournment is granted. Thank you.

Plaintiff did not object. On March 15, 2023, the parties jointly submitted a letter through eCourts, informing the trial court they had reached a "settlement

in principle" pending final execution of settlement documents, and requested an adjournment of the trial to finalize a written agreement.

Defendants' counsel sent plaintiff the proposed settlement agreement, notice of dismissal, and general releases as attachments to the March 16 email. The email also stated:

> Neither this email nor the attachments are intended to admit any fact or waive any right; all rights are expressly reserved. No agreement shall be deemed valid and enforceable unless and until it is reduced to writing, signed by all parties and a fully executed copy delivered to all parties.

The next day, plaintiff sent defendants' counsel a revised settlement agreement, which included a proposed additional term: $100,000 in liquidated damages for each breach of confidentiality. Defendants rejected this new term, maintaining it was not part of the initially agreed-upon terms. Counsel sent plaintiff a revised and redlined settlement agreement. Plaintiff repudiated the settlement.

Defendants moved to enforce the settlement. Following oral argument, the trial court granted defendants' motion enforcing the settlement in its October 17, 2023 order. The order specified the attached settlement documents sent on March 16 reflected the agreement between the parties and could be enforced as if fully executed by all parties. The court further directed payment of the

4

settlement funds be made "forthwith."  In its accompanying opinion, the trial court found the motion record established "the parties had entered into a settlement agreement with [material] terms sufficient to allow enforcement."

In compliance with the court's order, defendants wired the settlement funds to plaintiff, which he has retained.  The dismissal with prejudice—previously executed by plaintiff—was filed with the court.

On January 16, 2024, the trial court denied plaintiff's motion for reconsideration, rejecting his argument the initial motion was not fully considered, and the ruling was "arbitrary[,] capricious, and not supported by the evidence or the law."  This appeal followed.

II.

Plaintiff argues the trial court erred in granting defendants' motion to enforce the settlement agreement because of the following:  (1) no settlement was reached because there was never a meeting of the minds; (2) defendants' repeated references to a proposed settlement agreement evinces the absence of an enforceable agreement; (3) the additional "defining" material terms proposed by defendants further support the March 8, 2023 agreement was not binding; (4) the March 8 proposed agreement presented to the court on March 15 was "undisputably vastly different" regarding its material terms.

A-1930-23

Plaintiff likewise contends the October 17, 2023 order should be vacated because the court: (1) "wrote a better agreement" for defendants, adding material terms, legal obligations, and parties; (2) acted arbitrarily and capriciously, and abused its discretion in finding the parties had not agreed to liquidated damages and materially modified the time of payment; and (3) should have conducted a plenary hearing. Also, plaintiff argues the trial court should be recused due to the appearance of what he describes as "well-established" bias.

## III.

The settlement of a legal claim between parties constitutes a contract, subject to the same principles and requirements as any other contract. Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). "'[A]bsent a demonstration of fraud or other compelling circumstances,' a court should enforce a settlement agreement as it would any other contract." Capparelli v. Lopatin, 459 N.J. Super. 584, 603-04 (App. Div. 2019) (quoting Jennings v. Reed, 381 N.J. Super. 217, 227 (App. Div. 2005) (internal quotation marks omitted)). Ordinarily, "[w]here the parties agree upon the essential terms of a settlement, so that the mechanics can be 'fleshed out' in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact that the writing does not materialize because a party later reneges." Harrington v. Harrington, 281 N.J. Super. 39, 46 (App.

Div. 1995) (alteration in original) (quoting Lahue v. Pio Costa, 263 N.J. Super. 575, 596 (App. Div. 1993)).

"Our review of a motion to enforce settlement is de novo and considers whether the 'available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge . . . to resolve the disputed factual issues in favor of the non-moving party.'" Gold Tree Spa, Inc. v. PD Nail Corp., 475 N.J. Super. 240, 245 (App. Div. 2023) (omission in original) (quoting Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 474-75 (App. Div. 1997)). Thus, no special deference is accorded a trial court's interpretation of an agreement entered into by the parties. Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 474 (App. Div. 2009).

The motion record shows the parties agreed to all essential terms, as set forth in the emails exchanged on March 8. Plaintiff did not raise any clear objection to any material terms, including the general release and payment of settlement funds by wire transfer—terms that are central to the alleged agreement. See Satellite Ent. Ctr., Inc. v. Keaton, 347 N.J. Super. 268, 276-77 (App. Div. 2002) ("It is a well-settled principle that when the essential parts of a contract are spelled out, a court will not refuse that contract because some of the less critical terms have not been articulated").

A-1930-23

A legally enforceable contract "requires mutual assent, a meeting of the minds based on a common understanding of the contract terms." Morgan v. Sanford Brown Inst., 225 N.J. 289, 308 (2016). Here, the parties demonstrated such assent: plaintiff agreed to release all claims against defendants in exchange for a specified sum.

Additionally, the parties' joint letter to the court, confirming a settlement had been reached in principle and requesting adjournment of the trial, further evidences their intent to be legally bound. This is because the validity and enforceability of the settlement depends on the parties' objective manifestations of assent, rather than any subjective intent or subsequent dissatisfaction. Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435-36 (1992).

Guided by these principles, we are convinced the agreed-upon terms were sufficiently clear and complete to permit the drafting of a formal settlement agreement by defendants' counsel. Lahue, 263 N.J. Super. at 596. The email exchange reflects a binding contract, notwithstanding plaintiff's failure to execute a written settlement agreement. "Where the parties agree upon the essential terms of a settlement, so that the mechanics can be "fleshed out" in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact the writing does not materialize because a party later

8

reneges." Id. at 596 (citing Bistricer v. Bistricer, 231 N.J. Super. 143, 145 (Ch. Div. 1987)).

In our view, the later-proposed $100,000 liquidated damages clause was a unilateral attempt to modify the agreement, as the record does not demonstrate the clause had been presented in the prior emails. However, a party cannot undo settlement by proposing new material terms after agreement has been reached. See Lahue, 263 N.J. Super. at 596. Permitting plaintiff to alter the previously agreed-upon terms would, in effect, rewrite the settlement terms.

Based on our review, and with fidelity to the record, we conclude the matter was settled as of March 8, and the parties are bound by that agreement. As we have long-held, the execution of final written settlement documents is not essential to the formation of a contract of settlement. See Hagrish v. Olson, 254 N.J. Super. 133, 137-38 (App. Div. 1992).

IV.

Given our conclusion the settlement was enforceable, we discern no abuse of discretion by the trial court in declining to hold a hearing.

> On a disputed motion to enforce a settlement, . . . a hearing is to be held to establish the facts unless the available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge, as a rational factfinder, to resolve

9

the disputed factual issues in favor of the non-moving party.

[Amatuzzo, 305 N.J. Super. at 474-75.]

However, not every factual dispute on a motion requires a plenary hearing; a plenary hearing is only necessary to resolve a genuine issue of a material fact. Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004).

The trial court's decision on whether to have a plenary hearing is reviewed for abuse of discretion, which exists only where the decision is made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We are satisfied there are no material issues of fact requiring a plenary hearing.

As we have concluded, the parties reached an agreement before March 16. The subsequent email regarding the revised and redlined agreement does not lead us to a different conclusion. See Lahue, 263 N.J. Super. at 596.

V.

Plaintiff's notice of appeal also lists the October 17, 2023 order denying his motion to amend the complaint and the January 16, 2024 order denying his motion for reconsideration but he has not briefed any arguments concerning

10

these orders. "An issue not briefed on appeal is deemed waived." <u>Woodlands</u>

<u>Cmty. Ass'n, Inc. v. Mitchell</u>, 450 N.J. Super. 310, 319 (App. Div. 2017)

(quoting <u>Sklodowsky v. Lushis</u>, 417 N.J. Super. 648, 657 (App. Div. 2011)); <u>see</u>

<u>also</u> Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 5 on <u>R.</u> 2:6-2 (2026)

("It is, of course, clear that an issue not briefed is deemed waived.").

To the extent not addressed, plaintiff's remaining arguments lack

sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1930-23