NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0555-25

ASHLEY JULIA and RACHEL
ANTHONSON,

     Plaintiffs-Respondents,

v.

INSPIRA MEDICAL CENTERS,
INC.,[1]

     Defendant-Appellant,

and

DANIEL TEAGUE,

     Defendant.

_____

Submitted May 18, 2026 – Decided May 29, 2026

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0578-23.

---

[1] Improperly pleaded as Inspira Health.

Archer & Greiner PC, attorneys for appellant (Douglas Diaz, of counsel and on the brief; Kyra G. Bradley, on the brief).

Respondents have not filed a brief.

PER CURIAM

In this unopposed appeal, defendant Inspira Medical Centers, Inc. challenges an October 10, 2025 order that enforced the parties' settlement agreement, and which required it to reimburse plaintiffs Ashley Julia and Rachel Anthonson for the fees and costs associated with filing the enforcement application. For the reasons that follow, we vacate the October 10th order and remand for further proceedings consistent with this opinion.

Plaintiffs sued Inspira alleging discrimination, harassment, and retaliation under New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -50. The parties participated in a formal mediation with a retired judge and reached a settlement agreement, which plaintiffs signed on August 8th. Prior to receiving the settlement funds, on August 26th, the parties filed a stipulation of dismissal with prejudice, formally concluding the litigation.

Plaintiffs later moved to enforce the settlement agreement, alleging that Inspira had not made the required settlement payments within the agreed timeframe and also requested pre-judgment interest, mediation costs, and

attorney's fees and costs associated with the motion. In its October 10th order, the trial court granted plaintiffs' motion to enforce the settlement, and in its accompanying oral decision explained there was "no excuse at this point while two months later [plaintiffs] still haven't received a settlement check." It also directed defendant to pay "attorney's costs and fees associated with [the] motion," within ten days of receipt of counsel's certification of services.

Before us, Inspira argues that the trial court lacked jurisdiction to enforce the settlement agreement after the case had been dismissed with prejudice, relying on Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), and noting that neither the settlement agreement nor the dismissal order provided for the court to retain jurisdiction. Inspira further contends that plaintiffs' motion to enforce the settlement was thus procedurally improper and that plaintiffs needed to prosecute any alleged breach of the settlement agreement in a separate breach of contract action.

Additionally, Inspira maintains, in any event, the court abused its discretion when it awarded attorney's fees and costs to plaintiffs, as there existed no contractual or legal basis for such an award. Specifically, it notes the settlement agreement did not explicitly provide for the recovery of fees or costs in the event of a breach, and plaintiffs otherwise failed to cite any authority

3

supporting such relief. Inspira distinguishes the authority relied upon in the trial court by plaintiffs, specifically our Supreme Court's decision in <u>Litton Indus., Inc. v. IMO Indus., Inc.</u>, 200 N.J. 372 (2009), and explains unlike the settlement agreement here, the contract in <u>Litton</u> expressly provided for the recovery of fees.

We first address the applicable standards of review and relevant substantive legal principles which guide and inform our decision to remand this matter.

The settlement of a legal claim between parties constitutes a contract, subject to the same principles and requirements as any other contract. <u>Nolan v. Lee Ho</u>, 120 N.J. 465, 472 (1990). "'[A]bsent a demonstration of fraud or other compelling circumstances,' a court should enforce a settlement agreement as it would any other contract." <u>Capparelli v. Lopatin</u>, 459 N.J. Super. 584, 603-04 (App. Div. 2019) (quoting <u>Jennings v. Reed</u>, 381 N.J. Super. 217, 227 (App. Div. 2005)).

"Our review of a motion to enforce settlement is de novo and considers whether the 'available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge . . . to resolve the disputed factual issues in favor of the non-moving party.'" <u>Gold Tree Spa, Inc.</u>

v. PD Nail Corp., 475 N.J. Super. 240, 245 (App. Div. 2023) (omission in original) (quoting Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 474-75 (App. Div. 1997)). Thus, no special deference is accorded a trial court's interpretation of an agreement entered into by the parties. Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 474 (App. Div. 2009).

We acknowledge the general principle, as noted by defendant, that a court, which has entered a stipulation and order of dismissal with prejudice without retaining jurisdiction, typically does not have inherent power to subsequently enforce the terms of any settlement agreement that led to the dismissal. Kokkonen, 511 U.S. at 380. We note, however, that certain limited circumstances exist that would permit a court to exercise jurisdiction over such an application. See Callaway Golf Co. v. Acushnet Co., 585 F. Supp. 2d 592, 598 (D. Del. 2008) (recognizing courts have "read Kokkonen to permit . . . jurisdiction even where the previous dismissal was . . . effected . . . by the filing of a stipulation signed by all parties"); Broadband Eng'g, Inc. v. Quality RF Servs., Inc., 450 So. 2d 600, 601 (Fla. Dist. Ct. App. 1984) (concluding that requiring defendant file a second lawsuit due to the court's previous order to "dismiss[] with prejudice based upon the facts so stipulated to between the parties herein" would "substantially undermine the policy favoring settlements

A-0555-25

and, indeed, would make a mockery of the legal process."); <u>Sawka v. Healtheast, Inc.</u>, 989 F.2d 138, 141 (3d Cir. 1993) (holding a district court may exercise jurisdiction over a petition to enforce a settlement if a settlement is "part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction.").

As to defendant's challenge to the fee award, we apply an abuse of discretion standard when reviewing such disputes. <u>Garmeaux v. DNV Concepts, Inc.</u>, 448 N.J. Super. 148, 155 (App. Div. 2016). Where a trial judge correctly applies the case law, statutes, and court rules governing attorneys' fees, the fee award is entitled to our deference. <u>See</u> <u>Yueh v. Yueh</u>, 329 N.J. Super. 447, 466 (App. Div. 2000).

Substantively, in "civil litigation, New Jersey courts historically follow the 'American Rule,' which provides litigants must bear the cost of their own attorneys' fees." <u>Innes v. Marzano-Lesnevich</u>, 224 N.J. 584, 592 (2016). "However, 'a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract.'" <u>Litton Indus., Inc.</u>, 200 N.J. at 385 (quoting <u>Packard-Bamberger & Co. v. Collier</u>, 167 N.J. 427, 440 (2001)).

Considering these principles, we are convinced that a remand is appropriate for the court to first determine if the fee issue is moot. If it is still

justiciable, the court shall issue supplemental factual findings under <u>Rule</u> 1:7-4, to address defendant's jurisdictional argument, and explain the bases for any fee award.

With respect to our justiciability concerns, the court shall ascertain whether plaintiffs still seek to obtain the fees and costs related to their enforcement motion. As we noted above, plaintiffs did not file opposition to the appeal, and the record suggests that the settlement payment may have been made as ordered by the court. The court should determine whether any live controversy remains between the parties before proceeding to address the merits of the motion and the fee award.

Assuming plaintiffs do, indeed, seek an order reimbursing them for their recoverable fees and costs, we are convinced the court must provide additional factual findings and conclusions of law consistent with <u>Rule</u> 1:7-4 because the court's October 10th order contains no such findings of fact or legal conclusions addressing the threshold jurisdictional argument raised by defendant—namely, that the court lacked the express or inherent jurisdiction to enforce the settlement after the case had been dismissed with prejudice and absent any provision for retention of jurisdiction in the order or settlement agreement. In addition, the court also failed to articulate any legal or factual basis for the fee award, despite

A-0555-25

defendant's argument that the settlement agreement did not provide for attorney's fees and that plaintiffs cited no applicable authority supporting such relief.

Further, our review of the oral decision reveals that the transcript appears inadvertently truncated, as it cuts off immediately after the court granted the motion and does not substantively address the merits of the parties' arguments concerning the jurisdictional issue or the fee award, and specifically does not reference any statutory, contractual, or equitable basis for departing from the "American Rule." Instead, the court simply concluded that "the motion is granted" and that "there's really no excuse at this point while two months later they still haven't received a settlement check," without any discussion of the legal or factual basis for its authority to enforce the settlement post-dismissal, which may depend on the circumstances surrounding the settlement and dismissal, as noted.

Accordingly, a remand is warranted for the trial court to address the justiciability issue and, if necessary, make the necessary factual findings and state its conclusions of law regarding its jurisdiction to enforce the settlement agreement after dismissal, as well as the bases for any award of attorney's fees and costs. Finally, any final judgment shall also include the amount of any fee

8

award and recoverable costs, as the record does not contain a certification of services from plaintiffs' counsel.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division